Renee ROHUS, Appellant,

v.

John LICONA, Jr., Appellee.

No. 01–96–00559–CV.

Court of Appeals of Texas,
Houston, (1st Dist.).

March 6, 1997.

Scott C. Lannie, Baytown, for Appellant.

No brief filed for Appellee.

Before SCHNEIDER, C.J., and
O'CONNOR and HEDGES, JJ.

## OPINION

SCHNEIDER, Chief Justice.

This case arises from a vehicular collision where the appellant, Renee Rohus, sustained personal injuries. Rohus sued the appellee, John Licona, Jr., seeking reimbursement for medical expenses and lost wages; however, the trial court dismissed the lawsuit for want of prosecution. Without an oral hearing, the trial court denied Rohus' Motion for Reinstatement. We reverse the trial court's dismissal order and remand the case to the trial court with instructions to reinstate the case.

## PROCEDURAL HISTORY

On October 20, 1994, Rohus sued Licona for personal injuries that she sustained while riding as a passenger in Licona's vehicle. Rohus attempted to serve process at Licona's last known address, but was unsuccessful. Rohus filed an affidavit for citation by publication, alleging that Licona's address was unknown and that after due diligence she was unable to locate him. The Daily Court

Review published the citation to Licona on September 5, 12, 26, and 29, 1995.

During the time period of publication, Rohus filed a motion to retain, requesting the trial court to retain the lawsuit on the docket. On September 21, 1995, the trial court granted the motion. One month later, Rohus moved for an interlocutory default judgment against Licona. In her motion, Rohus advised the trial court that she had served Licona by publication, but that Licona had neither answered nor appeared. The trial court, however, denied Licona's motion and later dismissed the case for want of prosecution. Rohus filed a motion for reinstatement, but the trial court denied the motion without an oral hearing.

## DISCUSSION

■ In points of error one and three, Rohus argues the trial court erred in denying her request for an oral hearing on her motion for reinstatement because it did not have any authority or discretion to deny her hearing. We agree.

■ Texas Rule of Civil Procedure 165a(3) requires a trial court to set a hearing on any verified motion to reinstate as soon as practicable. TEX.R.CIV.P. 165a(3). The language of rule 165a does not allow the trial court discretion in whether to set a hearing on motions for reinstatement, but requires the trial court to set a hearing. *Thordson v. City of Houston,* 815 S.W.2d 550 (Tex.1991). The opportunity for a hearing, therefore, is mandatory. *NASA I Bus. Ctr. v. American Nat'l Ins. Co.,* 747 S.W.2d 36, 38 (Tex.App.—Houston [1st Dist.] 1988, writ denied).

Here, the trial court dismissed Rohus' case on January 12, 1996. According to rule 165a(3), Rohus then had 30 days to file a motion for reinstatement. TEX.R.CIV.P. 165a(3). She filed her verified motion for reinstatement, along with a request for an oral hearing, on February 10, 1996—clearly within the required time limit. Without an oral hearing, the trial judge denied her motion. The trial judge did not have the discretion to deny the motion without a hearing, and, therefore, erred in doing so. *See Thordson,* 815 S.W.2d at 550.

We sustain points of error one and three.

■ In point of error two, Rohus argues the trial court committed reversible error because it did not give her notice of its intent to dismiss her case. We agree.

■ Under Texas Rule of Civil Procedure 165a, "notice of the court's intention to dismiss and the date and time of dismissal shall be sent by the clerk to each attorney of record...." TEX.R.CIV.P. 165a(1). A notice of intent to dismiss does not comply with rule 165a if the notice does not also provide notice of the date and place of the dismissal hearing. *Cannon v. ICO Tubular Servs.,* 905 S.W.2d 380, 388 (Tex.App.—Houston [1st Dist.] 1995, no writ). Here, the trial court did not notify Rohus of its intent to dismiss her case. The only evidence in the record relating to the case returning to the dismissal docket is the trial court's notation on the docket sheet, which was made on November 1, 1995. This notation, however, does not meet the requirements of rule 165a(1). *See e.g., L.B.L. Oil Co. v. International Power Servs. Inc.,* 777 S.W.2d 390, 391 (Tex.1989); *Falcon Ridge Apartments v. General Elec. Co.,* 795 S.W.2d 21, 22–23 (Tex.App.—Houston [1st Dist.] 1990, no writ).

■ Rohus argues the trial court's dismissal of her case not only violated rule 165a, but also violated her right to due process. We agree. Due process requires that a trial court give adequate notice to a party before an order is entered dismissing a case for want of prosecution. *Hubert v. Illinois State Assist. Comm'n,* 867 S.W.2d 160, 163 (Tex.App.—Houston [14th Dist.] 1993, no writ); *see also Rotello v. State,* 492 S.W.2d 347, 349 (Tex.Civ.App.—Houston [1st Dist.] 1973, writ ref'd n.r.e.). "Because the failure to give this notice deprives a party of its right to be heard by the court, such an omission constitutes more than a mere violation of procedural rules of practice." *Hubert,* 867 S.W.2d at 163; *see also Falcon Ridge,* 795 S.W.2d at 23.

We sustain point of error three.

Because the trial court did not notify Rohus of its intent to dismiss her case, and then overruled her motion for reinstatement with-

out an oral hearing, the trial court committed reversible error. We therefore reverse the trial court's dismissal of the case and remand with instructions to reinstate the case.