**Stephen BOWERS, and Wife, Martha Bowers, Appellants,**

v.

**David A. MATULA, and Wife, Kathleen B. Matula, Appellees.**

**No. 01–96–01099–CV.**

Court of Appeals of Texas, Houston (1st Dist.).

April 3, 1997.

D. Channing Bradshaw, Houston, for appellants.

Joseph Hunter, Houston, for appellees.

Before TAFT, MIRABAL and WILSON, JJ.

## OPINION

TAFT, Justice.

The Texas Family Code requires existing parental rights before grandparents can request court-ordered access to their grandchildren. In this case, maternal grandparents filed suit seeking access to a grandchild before the parents' rights were terminated. When that termination occurred, paternal grandparents filed a motion to dismiss for lack of standing, which the trial court granted. We hold that standing is determined at the time suit is filed. Standing was not revoked by the termination of parental rights. We reverse and remand.

### Facts

The parties involved in this suit include: (1) the subject of this case, the grandchild, John Andrew Rivera, Jr., whose name has been changed to John Andrew Rivera Matula by the decree of termination and adoption (the grandchild); (2) his parents, Angelic Mimi Bowers Rivera and John Andrew Rivera; (3) appellants, Stephen and Martha Bowers, maternal grandparents (the Bowers); and (4) appellees, David A. Matula and

Kathleen B. Matula, paternal grandparents (the Matulas).

A little more than a year after the grandchild was born, the Matulas were appointed sole managing conservators of the child. The grandchild's parents divorced a few months later, maintaining their status as possessory conservators. Two years passed before the Bowers filed this lawsuit requesting reasonable access to the grandchild. The Matulas answered, and on the same date, filed a separate lawsuit for termination of the parents' rights and for adoption. No notice was given to the Bowers, nor was it required. *See* TEX.FAM.CODE ANN. § 102.009 (Vernon 1996). The court granted the termination and adoption. Then the Matulas filed a motion to dismiss this lawsuit, contending the Bowers did not have standing. The trial court granted the motion to dismiss.

The dismissal order provided that the original petition for grandparent access was dismissed. The trial court's conclusion of law stated, "The maternal grandparents no longer have the right to seek grandparent access subsequent to the termination of their daughters [sic] parental rights by virtue of Judge Mills' Order."

### No Loss of Standing

In the Bowers' sole point of error, they contend the trial court erred in granting the motion to dismiss because the later termination and adoption orders did not affect standing once acquired by them. The Bowers rely on a plain reading of the pertinent statutory provisions. The Matulas urge upholding the trial court's dismissal because the parental rights termination order severed any right the Bowers had to seek access.

### A. Standard of Review

 We review the trial court's grant of a motion to dismiss for abuse of discretion. *Mercure Co. v. Rowland*, 715 S.W.2d 677, 680–81 (Tex.App.—Houston [1st Dist.] 1986, writ ref'd n.r.e.). Our scope of review is limited to those grounds alleged in the Matulas' motion to dismiss. *Id.* at 682.

### B. Motion to Dismiss

The Matulas' motion to dismiss alleged the Bowers had no standing because the parents' rights had been terminated. The decree of termination and adoption was included as an exhibit. The motion to dismiss relied on section 153.434 of the Texas Family Code, which prohibits a grandparent's request for access when both parents' rights have been terminated and the grandchild has been adopted by someone other than a stepparent:

> A biological or adoptive grandparent may not *request* possession of or access to a grandchild if:
>
> (1) the grandparent is a parent of a person whose parental rights with the child have been terminated by court order or death; and
>
> (2) the other biological parent has died or has had that parent's parental rights terminated and the grandchild has been adopted by a person other than the child's stepparent.

TEX.FAM.CODE ANN. § 153.434 (Vernon 1996) (emphasis added).

The Matulas filed a brief in support of their motion to dismiss. The cases they cited did not address whether standing is destroyed by the granting of a termination and adoption order while a request for access is pending.

### C. Response Below

The Bowers acknowledged the Matulas reliance on Texas Family Code, section 153.434. The Bowers relied on Texas Family Code, section 153.433, pointing out that it also governs possession of and access to a grandchild. It requires the existence of at least one biological or adoptive parent's parental rights at the time a grandparent requests access to a grandchild:

> The court may order reasonable access to a grandchild by a grandparent if:
>
> (1) *at the time the relief is requested,* at least one biological or adoptive parent of the child has not had that parent's parental rights terminated; and
>
> (2) access is in the best interest of the child, and at least one of the following facts is present: . . . .

(B) the parents of the child are divorced....

TEX.FAM.CODE ANN. § 153.433 (Vernon 1996) (emphasis added).

The Bowers contended that section 153.434 did not apply to this case because they had *requested* access to their grandchild before the parental rights termination order was granted. They argued that they had *requested* access in their pleadings, which is the instrument by which relief is requested in all litigation. *See Cunningham v. Parkdale Bank,* 660 S.W.2d 810, 812 (Tex.1983).

**D. Standing**

■ Sections 153.433 and 153.434 together establish a bright line before which a grandparent's request for access of a grandchild may be made and after which it may not. That line is when all parents' rights have been terminated and the grandchild has been adopted by someone other than a stepparent. Here, the Bowers filed suit requesting access before parental rights were terminated. This appears to comply with both sections 153.433 and 153.434, unless filing suit requesting access does not constitute requesting relief. The issue of standing thus turns on what is meant by requesting relief. Does it occur at the time of filing suit requesting access, or at some other time nearer the trial court's ruling?

The Texas Family Code sets out the rights of a grandparent in four sections under subchapter H of subtitle B regarding suits affecting the parent-child relationship. The parties rely on two of the four sections, but we find guidance in determining when relief is requested in a third section of subchapter H. The plain language of section 153.432 provides that a *request for the relief of access* is made by *filing a lawsuit:*

(a) A biological or adoptive grandparent may *request access* to a grandchild by *filing:*

(1) an original *suit;* or

(2) a *suit* for modification as provided by Chapter 156.

(b) A grandparent may *request access* to a grandchild in a *suit* filed for the sole purpose of *requesting the relief,* without regard to whether the appointment of a managing conservator is an issue in the suit.

TEX.FAM.CODE ANN. § 153.432(a) (Vernon 1996) (emphasis added).

■ Under rules of statutory construction, when a statute is clear and unambiguous, construction by the court is unnecessary; the words will be given their common meaning. *Raines v. Sugg,* 930 S.W.2d 912, 913 (Tex.App.—Fort Worth 1996, no writ). We hold that the plain meaning of the phrase "at the time relief is requested" is the time a petition is filed requesting access. This is the time standing is determined for purposes of grandparent requests for access.

Determining standing in grandparent access suits at the time of filing the lawsuit comports with general procedural rules that standing is determined at the time a suit is filed. *See Texas Ass'n of Business v. Texas Air Control Bd.,* 852 S.W.2d 440, 443 (Tex. 1993). This resolution is also consistent with express legislative intent that parental termination and adoption orders not affect grandparent access. *See* TEX.FAM.CODE ANN. § 161.206(c) (Vernon 1996) ("Nothing in this chapter [termination of parent-child relationship] precludes or affects the rights of a biological or adoptive maternal or paternal grandparent to reasonable access under Chapter 153."); TEX.FAM.CODE ANN. § 162.017(d) (Vernon 1996) (same regarding adoption chapter). It also makes clear that had the Matulas obtained termination of parental rights and adoption before the Bowers filed suit seeking access, section 153.434 would have prohibited the filing of such a suit.

■ When the Bowers filed their petition requesting access to their grandchild, no termination order or adoption order was in place. Therefore, the Bowers had standing to request grandparent access under section 153.433(1) and (2)(B); they were not prohibited by section 153.434. The later termination and adoption did not affect the rights of the Bowers under Chapter 153. *See* TEX. FAM.CODE ANN. §§ 161.206(c) & 162.017(d) (Vernon 1996). It did not deprive the Bowers of standing. Therefore, the trial court

abused its discretion by dismissing the Bowers' action.

### Conclusion

We sustain the sole point of error. We reverse the trial court's dismissal order and remand for further proceedings.