**Richard E. FINLAN and David L. Venable, Appellant**

v.

**Dan PEAVY and Ed Grant, Appellee.**

No. 10–04–00095–CV.

Court of Appeals of Texas, Waco.

Aug. 30, 2006.

Ronald D. Hinds, Reyna, Hinds & Crandall, Dallas, for Appellant/Relator.

Dan Peavy, Richardson, pro se.

Ed Grant, Dallas, pro se.

Before Chief Justice GRAY, Justice VANCE, and Judge MORRIS.*

## OPINION

RICK MORRIS, Judge.

### BACKGROUND

The history of this case dates back to litigation that began in 1991 between Appellants Richard E. Finlan and David L. Venable and the Dallas Independent School District, the DISD superintendent and trustees (DISD Defendants), and the DISD attorneys (Lawyer Defendants). Appellees Dan Peavy and Ed Grant are two former DISD trustees. Finlan and Venable have been involved in extensive litigation against the above defendants involving numerous lawsuits over a period of years.

In each of the cases or counterclaims filed by Finlan and Venable in various courts against various defendants named above, including Peavy and Grant, they have alleged essentially identical Section

---

* Rick Morris, Judge of the 146th District Court of Bell County, sitting by assignment of the Chief Justice of the Texas Supreme Court

pursuant to section 74.003(h) of the Government Code. *See* TEX. GOV'T CODE ANN. § 74.003(h) (Vernon 2005).

1983 (42 U.S.C.A. § 1983) civil rights claims as they now allege in this suit against Peavy and Grant. Each of the following cases found no constitutional violations and therefore, no Section 1983 liability: (1) *Dallas Indep. Sch. Dist. v. Finlan*, 27 S.W.3d 220 (Tex.App.-Dallas 2000, pet. denied), *cert. denied*, 534 U.S. 949, 122 S.Ct. 342, 151 L.Ed.2d 258 (2001); (2) *Hinds v. Dallas Indep. Sch. Dist.*, 188 F.Supp.2d 664 (N.D.Tex.2002); (3) *Venable v. Keever*, 61 F.Supp.2d 552 (N.D.Tex. 1999) and subsequent opinion at 2000 WL 1281206, 2000 U.S. Dist. LEXIS 13112, 2000 WL 1281206 (N.D.Tex.2000); and (4) *Finlan v. Dallas Indep. Sch. Dist.*, 90 S.W.3d 395 (Tex.App.-Eastland 2002, pet. denied).

The events of this lawsuit began in 1994 with Finlan and Venable filing suit against Grant, Peavy, DISD, DISD defendants, and Lawyer Defendants for civil rights violations under Section 1983. That suit was filed in the 162nd District Court of Dallas County, Texas. The suit was later consolidated in the 101st District Court of Dallas County with a previous counterclaim filed by Finlan and Venable which had been transferred from the 192nd District Court of Dallas County, to the 14th District Court of Dallas County, and then to the 101st District Court. *See Finlan v. Dallas Indep. Sch. Dist.*, 90 S.W.3d 395, 401–03 (Tex.App.-Eastland 2002, pet. denied).[1] All of the defendants in the 101st District Court, except Peavy and Grant, were granted summary judgment on the merits of Finlan and Venable's claims. An agreed judgment had been entered earlier in favor of Finlan for $300,000 against Grant. The 101st District Court then severed Finlan and Venable's claims against Grant and Peavy and entered its final judgment in favor of all other defendants.

Finlan and Venable "filed" their severed claims against Grant and Peavy in McLennan County rather than filing it in Dallas County where the case from which it was severed was pending. Finlan and Venable filed a motion for summary judgment. According to the Final Judgment, a summary judgment hearing took place and the trial court requested "... that the plaintiffs [sic] attorney in this matter brief whether or not this Court had jurisdiction over the cause and respond to the Court with a trial brief." Receiving no brief as requested, two years and ten months later, the trial court dismissed the suit without prejudice. Finlan and Venable each filed a motion to reinstate and for new trial, and both motions were overruled by operation of law. The underlying suit had been on file for three years and nine months, and the only activity reflected by the record was the Motion for Summary Judgment filed two years and ten months before the final judgment and an Objection to Court's Motion for Dismissal, filed nearly two years before the final judgment.

## DISMISSAL

■ In Finlan's and Venable's first issue, they contend that it was error for the trial court to dismiss their case on its own motion because of improper venue. The trial court made certain findings in the final judgment dismissing the case below. Findings recited in a judgment, however, do not establish an issue on appeal. *Foster v. Centrex Capital Corp.*, 80 S.W.3d 140, 144 (Tex.App.-Austin 2002, pet. denied). The Texas Rules of Civil Procedure mandate that findings of fact be separately filed and not recited in a judgment. *See*

---

1. For more specific facts, reference is made to the background in *Dallas Indep. Sch. Dist. v. Finlan, supra,* and *Finlan v. Dallas Indep.* *Sch. Dist., supra,* to conserve words, paper, and the eyesight of those who may read this opinion.

TEX.R. CIV. P. 299a; *Frommer v. Frommer*, 981 S.W.2d 811, 814 (Tex.App.-Houston [1st Dist.] 1998, pet. dism'd) (findings of fact and conclusions of law recited in the judgment cannot form the basis of a claim on appeal).

■ A trial court has broad discretion in determining whether to dismiss a lawsuit. *See e.g., Trevino v. Houston Orthopedic Center*, 831 S.W.2d 341, 343 (Tex. App.-Houston [14th Dist.] 1992, writ denied). A trial court abuses its discretion if it acts arbitrarily, unreasonably, or without reference to any guiding rules and principles. *Mercedes–Benz Credit Corp. v. Rhyne*, 925 S.W.2d 664, 666 (Tex.1996). For the following reasons, we find that the trial court did not abuse its discretion in dismissing the case.

*Severance and Filing*

By separate order on June 7, 2000, the trial court in the 101st Judicial District Court of Dallas County severed Finlan's and Venable's claims against Grant and Peavy from the parent suit. On June 19, 2000, the 101st District Court entered its final judgment in favor of all other defendants in the parent suit. *Finlan v. Dallas Indep. Sch. Dist.*, 90 S.W.3d 395, 396 (Tex. App.-Eastland 2002, pet. denied). The severed claims against Grant and Peavy were filed by Finlan and Venable in McLennan County on June 14, 2000.

■ An order granting a severance is effective when signed and becomes effective without the district clerk's creation of a separate physical file with a different cause number. Furthermore, the severance order is effective immediately whether or not the clerk *ever* creates a physically separate file or assigns a new number to it. *McRoberts v. Ryals*, 863 S.W.2d 450, 453 (Tex.1993).

Finlan and Venable are of the opinion that the severed suit in the 101st District Court of Dallas County, which was subsequently refiled in McLennan County, was a new cause of action and subject to new filing procedures. *See* n. 3 of Appellant's Brief ("Such a filing [filing of the 101st District Court suit in McLennan County] requires a new cause number and is treated as a new case. Appellants know of no requirement by rule or statute that this new action be filed in the same venue from which it was severed."). Appellant's opinions as to the effect of a severed cause are incorrect.

*Dominant Jurisdiction*

■ Rule 41, Texas Rules of Civil Procedure, provides for severance and the docketing of the severed matter as a separate suit. *See* TEX.R.CIV. P. 41. Such action does not have the effect of a dismissal of any part of the cause of action against any of the parties. Their rights and privileges are not thereby enlarged or impaired, but remain the same as they were at the time of severance. It does not constitute a new and independent suit. *Harris v. Moore*, 740 S.W.2d 14, 15 (Tex. App.-El Paso 1987, no writ). It is well settled that the court in which suit is first filed acquires dominant jurisdiction to the exclusion of other courts. *Curtis v. Gibbs*, 511 S.W.2d 263, 267 (Tex.1974); *V.D. Anderson Co. v. Young*, 128 Tex. 631, 636, 101 S.W.2d 798, 800 (1937). Even though the cause is severed, the res controversa remains pending in the court of dominant jurisdiction, the parent suit. This would be to the exclusion of all other coordinate courts. *Harris*, 740 S.W.2d at 15. Here, the 101st District Court of Dallas County is the court of dominant jurisdiction, to the exclusion of all other courts, even courts of concurrent jurisdiction. If the order of severance did not result in a final judgment in the severed action, that action is still pending. *Tanner v. Karnavas*, 86

S.W.3d 737, 744 n. 4 (Tex.App.-Dallas 2002, pet. denied); *see Diversified Fin. Sys., Inc. v. Hill, Heard, O'Neal, Gilstrap & Goetz, P.C.*, 63 S.W.3d 795 (Tex.2001). There is nothing in the record to indicate that the severed action in the 101st District Court of Dallas County has been dismissed, discontinued, or otherwise terminated. Thus, the severed cause of action remains pending in the 101st District Court of Dallas County.

 And if an action pending in one court is filed in a second court, generally, the second court must dismiss a subsequent suit involving the same parties and subject matter. Any subsequent suit involving the same parties and the same controversy must be dismissed if a party to that suit calls the second court's attention to the pendency of a prior suit. *Curtis v. Gibbs*, 511 S.W.2d 263, 267 (Tex. 1974). A plea in abatement is a proper vehicle to assert dominant jurisdiction. *Tovias v. Wildwood Properties Partnership, L.P.*, 67 S.W.3d 527, 529 (Tex.App.-Houston [1st Dist.] 2002, no pet.). *But see Miles v. Ford Motor Co.*, 914 S.W.2d 135, 139 (Tex.1995). The plea in abatement, however, must be raised in a timely manner, or it is waived. *Wyatt v. Shaw Plumbing Co.*, 760 S.W.2d 245, 248 (Tex. 1988). In the case below, a plea in abatement was not filed. But Finlan and Venable, in their pleadings and in their Motion for Summary Judgment, specifically directed the trial court's attention to the court of dominant jurisdiction, the 101st District Court of Dallas County. The trial court apparently acknowledged the dominant jurisdiction issue by requesting briefs on the issue of jurisdiction.

The trial court, in the exercise of its sound discretion, may dismiss an action for reasons of comity, convenience, and orderly procedure, and in the exercise of that discretion may look to the practical results to be obtained, dictated by a consideration of the inherent interrelation of the subject matter of the two suits. *Weil v. Damson Oil Corp.*, 1997 Tex.App. LEXIS 1520, at *17, 1997 WL 33760709, *6 (Tex.App.-Corpus Christi March 27, 1997, no writ) (not designated for publication). We find that there was sufficient evidence present to support the trial court's decision, in the exercise of its sound discretion, to dismiss the present action, based on the inherent interrelation of the subject matter of the two suits, for reasons of comity, convenience, orderly procedure and pursuant to the dominant jurisdiction doctrine.

*Inherent Power*

 Texas courts also possess significant inherent powers. The inherent judicial powers of a court are not derived from legislative grant or a specific constitutional provision, but from the very fact that the court has been created by the constitution with certain duties and responsibilities. *Eichelberger v. Eichelberger*, 582 S.W.2d 395, 398 (Tex.1979). The inherent powers of a court are those which it may call upon to aid in the exercise of its jurisdiction in the administration of justice, in the preservation of its independence and integrity, and to prevent any significant interference with the traditional core functions of Texas courts. *Public Util. Comm'n v. Cofer*, 754 S.W.2d 121, 124 (Tex.1988); *Kutch v. Del Mar College*, 831 S.W.2d 506, 510 (Tex.App.-Corpus Christi 1992, no writ). The core functions of the judiciary are to hear evidence, decide issues of fact raised by pleadings, decide questions of law, enter final judgments, and enforce those judgments. *Armadillo Bail Bonds v. State*, 802 S.W.2d 237, 239–40 (Tex.Crim.App.1990). Inherent power to sanction exists to the extent necessary to deter, alleviate, and counteract bad-faith use of the judicial process, such as any significant interference with the traditional

core functions of Texas courts. *Kutch*, 831 S.W.2d at 508; *see In re Bennett*, 960 S.W.2d 35, 40 (Tex.1997).

■ The 101st District Court of Dallas County, being the first court in which suit was filed, had the right to decide every question which occurred in the case. *Way v. Coca Cola Bottling Co.*, 119 Tex. 419, 29 S.W.2d 1067, 1070 (1930). By filing the severed suit in McLennan County, Finlan and Venable have attempted to deprive the 101st District Court of Dallas County of its jurisdiction over the cause. Jurisdiction cannot be and should not be destroyed, diminished or suspended by one of the parties bringing an action in another court. *See id.* at 1071. Finlan and Venable, by filing in McLennan County, have interfered with the traditional core functions of Texas courts. The trial court, in the exercise of its inherent powers and in its sound discretion, had the authority to sanction, by dismissal without prejudice, in order to preserve the jurisdiction of the district court of Dallas County, to preserve the independence and integrity of the courts of Dallas and McLennan Counties, and to prevent the intentional interference with the core functions of the Texas courts.

*Failure to Prosecute*

■ In examining the particular facts of Finlan and Venable's case, we find that the trial court was also within its discretion to dismiss the case for want of prosecution. As noted in the introduction to this opinion, this lawsuit had been on file for three years and nine months. Finlan and Venable failed to provide a brief discussing appropriate jurisdiction requested by the trial court in March of 2001. In April of 2002, they filed an objection to the court's motion for dismissal. The case then remained inactive for two years. According to that timeline, the trial court could have reasonably believed that Finlan

and Venable failed to pursue their case with due diligence. *See Manning v. North*, 82 S.W.3d 706, 714 (Tex.App.-Amarillo 2002, no pet.). The trial court dismissed the case in January of 2004 after appellant's failure to provide the requested brief coupled with the significant period of inactivity.

In *Southern Pacific Transportation Co. v. Stoot*, the Supreme Court of Texas articulated the reasons for the court's inherent power to dismiss "abandoned" cases:

> Delay haunts the administration of justice. It postpones the rectification of wrong and the vindication of the unjustly accused. It crowds the dockets of the courts, increasing the costs for all litigants, pressuring judges to take short cuts, interfering with the prompt and deliberate disposition of those causes in which all parties are diligent and prepared....

*So. Pac. Transp. Co. v. Stoot*, 530 S.W.2d 930, 931 (Tex.1975). A court has the ability to clear its docket of those cases merely taking up space and diverting attention away from cases ripe for determination. *See Rodriguez v. State*, 970 S.W.2d 133, 135 (Tex.App.-Amarillo 1998, pet. ref'd). Finlan's and Venable's failure to actively prosecute allowed the judge to reasonably conclude that they abandoned their case and was therefore within his discretion to dismiss. Not being bound by the findings in the trial court order, we hold that the trial court properly dismissed this suit for want of prosecution.

Thus, the trial court did not err in dismissing the case. Because the trial court properly dismissed the case for reasons other than venue, Finlan and Venable's first issue is overruled.

## DUE PROCESS

We next decide whether Finlan and Venable were denied due process by the

trial court's dismissing the case without proper notice and an opportunity to be heard.

The United States Supreme Court has explained that due process requires "notice reasonably calculated, under all circumstances, to apprise interested parties of the pendency ... and afford them an opportunity to present their objections" in a reasonable time and manner. *Armstrong v. Manzo,* 380 U.S. 545, 550, 552, 85 S.Ct. 1187, 14 L.Ed.2d 62 (1965) (*quoting Milliken v. Meyer,* 311 U.S. 457, 61 S.Ct. 339, 85 L.Ed. 278 (1940)). In addressing the cryptic and abstract nature of the term, the Fourteenth Court of Appeals articulated:

> "Due process of law" is not a technical concept having a fixed content unrelated to time, place, and circumstance; hence no hard and fast rule can be laid down as to what is, or is not, "due process of law." The term implies, instead, fundamental fairness in the context of the particular case in light of reason, precedent, history, the private interest at stake, the government's interest, and the risk that the procedures employed will lead to erroneous decisions.

*Worldwide Anesthesia Assocs., Inc. v. Bryan Anesthesia, Inc.,* 765 S.W.2d 445, 447 n. 1 (Tex.App.-Houston [14th Dist.] 1988, no writ.) (*citing Lassiter v. Dep't. of Soc. Serv.,* 452 U.S. 18, 24, 101 S.Ct. 2153, 68 L.Ed.2d 640 (1981)).

*Notice of actual dismissal and an opportunity for oral hearing provided adequate notice to appellants*

■ Trial courts are ordinarily required to provide notice of intent to dismiss a case. *Franklin v. Sherman Indep. Sch. Dist.* 53 S.W.3d 398, 401 (Tex.App.-Dallas 2001, pet. denied). However, participation in a motion to reinstate a case remedies any due process error committed

by lack of notice. *Dueitt v. Arrowhead Lakes Prop. Owners, Inc.,* 180 S.W.3d 733, 741 (Tex.App.-Waco 2005, pet. denied). In *Link v. Wabash Railroad Co.,* the United States Supreme Court recognized that the availability of any corrective remedy lessens the due process error committed by lack of notice. *Link v. Wabash R.R. Co.,* 370 U.S. 626, 632, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962). Accordingly, Texas courts have repeatedly held that a party is afforded due process by notice of actual dismissal and a hearing to reinstate a case because it is the same hearing with the same burden of proof as a hearing before dismissal. *See State v. Rotello,* 671 S.W.2d 507, 508 (Tex.1984); *Tex. Sting, Ltd. v. R.B. Foods, Inc.,* 82 S.W.3d 644, 648–50 (Tex.App.-San Antonio 2002, pet. denied); *Franklin,* 53 S.W.3d at 403; *Jimenez v. Transwestern Prop. Co.,* 999 S.W.2d 125, 129 (Tex.App.-Houston [14th Dist.] 1999, no pet.). Therefore Finlan and Venable were afforded due process by receiving notice of actual dismissal. *See Tex. Sting, Ltd.,* 82 S.W.3d at 648.

Moreover, they timely filed a motion to reinstate and for new trial and were given the opportunity to request a hearing on that motion. The adequacy of notice and hearing significantly relies on the extent to which the knowledge of the circumstances affects petitioner's conduct. *Link,* 370 U.S. at 632, 82 S.Ct. 1386. Finlan and Venable cannot now complain that the trial court violated their due process rights when they failed to take advantage of the opportunity to receive the same hearing post-dismissal they would have received pre-dismissal. They "never sought to avail [themselves] of the escape hatch" provided by a motion for an oral hearing. *See id.* As in *Dispensa v. University State Bank,* Finlan's and Venable's own inaction—rather than the lack of notice—caused them to miss the opportunities afforded them. *Dispensa v. University State Bank,* 987

S.W.2d 923, 928 (Tex.App.-Houston [14th Dist.] 1999, no pet.). Finlan and Venable received notice at a meaningful time and in a meaningful manner.

Finlan and Venable cite several cases for the proposition that, in all instances, a court's lack of notice to dismiss violates Texas Rule of Civil Procedure 165(a) and a party's due process requirements. *See Villarreal v. San Antonio Truck & Equip.,* 994 S.W.2d 628 (Tex.1999); *Creel v. Dist. Atty. for Medina County.,* 818 S.W.2d 45 (Tex.1991); *Rohus v. Licona,* 942 S.W.2d 111 (Tex.App.-Houston [1st Dist.] 1997, no writ). Their leading case, *Villarreal v. San Antonio,* holds that the failure to provide adequate notice of a trial court's intent to dismiss requires reversal. *Villarreal,* 994 S.W.2d at 630. However, in *Villarreal* the sole issue was the adequacy of the Bexar County notice of dismissal, and the Court concluded "[*State v.] Rotello* is not controlling in this case." *Id.* at 632. Furthermore, in *Villarreal,* no motion to reinstate was filed. In both *Creel* and *Rohus,* reversible error was found when the trial court dismissed the cause without notice or hearing. *Creel,* 818 S.W.2d at 46; *Rohus,* 942 S.W.2d at 112–13. But in *Creel,* the case was dismissed not only without a hearing, but also with no notice of a hearing, no setting of a hearing and, it appears, no opportunity to respond in writing or orally. In *Rohus* a specific request for a hearing on a motion to reinstate was made but the request was denied.

In contrast, Finlan and Venable, upon timely notification of the dismissal, filed a motion to reinstate and a motion for new trial and had the opportunity to request a hearing. They make no effort to explain why their post-judgment notice and opportunity to be heard was not adequate to protect their due process rights. Post-judgment notice and the right to be heard

in a motion for new trial have been held adequate to protect litigants against a deprivation of due process when the litigant did not receive prior notice of a hearing resulting in an adverse judgment. *See Dispensa v. University State Bank,* 987 S.W.2d 923, 927–28 (Tex.App.-Houston [14th Dist.] 1999, no pet.); *Brooks v. Associates Fin. Servs. Corp.,* 892 S.W.2d 91, 94–95 (Tex.App.-Houston [14th Dist.] 1994, no writ); *Malone v. Emmert Indus. Corp.,* 858 S.W.2d 547, 549 (Tex.App.-Houston [14th Dist.] 1993, writ denied).

In *Rotello,* the Texas Supreme Court held that the landowners' attorney had knowledge of the local rule and therefore had adequate notice of dismissal. *State v. Rotello,* 671 S.W.2d 507, 508 (Tex.1984). The Court did not reach the question of the effect the motion for reinstatement had on due process. *Id.* However, it noted that the landowners were afforded a full evidentiary hearing after notice of actual dismissal at a time the trial court had full control of the judgment. *Id.* But the Fourteenth Court of Appeals in *Jimenez* recognized, as do we, that the application of *Villarreal* "would obfuscate what we perceive as bright line precedent regarding satisfaction of a litigant's due process rights applicable to a dismissal of a case for want of prosecution." *Jimenez v. Transwestern Prop. Co.,* 999 S.W.2d 125, 128 (Tex.App.-Houston [14th Dist.] 1999, no pet.). Moreover, application of the *Villarreal* standard in this case would clash with the United States Supreme Court's notions of due process as a fundamental fairness standard applied to the particular facts in each case. *See Lassiter v. Dep't. of Soc. Serv.,* 452 U.S. 18, 24–25, 101 S.Ct. 2153, 68 L.Ed.2d 640 (1981). Therefore, we maintain that the timely received notice of dismissal and a motion for new trial and motion to reinstate with the opportunity for a hearing cures the due process viola-

tions, if any, caused by a lack of notice prior to the actual dismissal in this case.

Because Finlan's and Venable's due process rights were not violated, we overrule their second issue.

### JUDGMENT

In their third issue, Finlan and Venable complain generally that the judgment of dismissal should not make "decisions, conclusions, and opinions on the merits of the case," citing only one case, *Alvarado v. Magic Valley Electric Co-op, Inc.*, 784 S.W.2d 729, 733 (Tex.App.-San Antonio 1990, writ denied). Finlan and Venable do not point to any particular statement in the trial court's judgment. There is nothing in the judgment indicating that a decision was made on the merits of the case. We do not find the principle of law discussed in *Alvarado* to be violated on the facts of this case. Further, even if some unidentified statements were erroneously included in the dismissal order, Finlan and Venable do not direct our attention to any harm. We find the error, if any, harmless. TEX.R.APP. P. 44.1(a). We overrule issue three.

### CONCLUSION

We affirm the Trial Court's judgment dismissing the claims of Finlan and Venable against Peavy and Grant.