

NUMBER 13-11-00561-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

COLUMBUS ERIC JOHNSON SR.,           **Appellant,**

**v.**

ORANGE RIVER ROYALTIES, LLP, ET AL.,           **Appellees.**

**On appeal from the 23rd District Court
of Wharton County, Texas.**

# MEMORANDUM OPINION

**Before Chief Justice Valdez and Justices Garza and Vela
Memorandum Opinion by Justice Garza**

Appellant, Columbus Eric Johnson Sr., appeals the trial court's order granting a motion to dismiss filed by appellees, Orange River Royalties, L.L.P., Patrick Beathard, and Nicholas S. Bressi.[1] Appellant raises various issues, including a claim that the

---

[1] We note that appellees did not file a brief to assist us in our disposition of this appeal.

dismissal violated his due process rights. Because we conclude that the trial court violated appellant's due process right to a hearing on the motion to dismiss, we reverse the trial court's dismissal order and remand the cause to the trial court for further proceedings consistent with this opinion.

## I. BACKGROUND

Appellant is a pro se inmate. On July 11, 2011, he filed an "Original Petition" in which he "request[ed] [p]roduction of [d]efendants['] sworn affidavits and documents stated in requested [a]ffidavits." Appellant asserts that the requested affidavits are included in the record of a case previously decided by this Court between the same parties. *See Johnson v. Orange River Royalties, L.L.P.,* No. 13-10-038-CV, 2011 Tex. App. LEXIS 1802 (Tex. App.—Corpus Christi March 10, 2011, no pet.) (mem. op.).[2] Although it is difficult to decipher appellant's claims, the original petition appears to assert that appellant was not paid for mineral interests on certain property because "the wrong deed was filed."

On July 27, 2011, appellees filed an answer and motion to dismiss appellant's suit, in which they generally denied appellant's claims and asserted the following affirmative defenses: (1) appellant's suit fails to state a claim, and the court lacked subject matter jurisdiction because "no controversy" existed between the parties; (2) the suit relates to claims made in the previous lawsuit, which were settled; and (3) because appellant's claims relate to those he made in the previous lawsuit, they are barred by

---

[2] In *Johnson v. Orange River Royalties, L.L.P.*, this Court affirmed a no-evidence summary judgment granted in favor of the same appellees as in the present case (Orange River Royalties, L.L.C., Patrick Beathard, and Nicholas S. Bressi) because Johnson presented no evidence in response to appellees' motion for summary judgment. *See* No. 13-10-038-CV, 2011 Tex. App. LEXIS 1802, at *7 (Tex. App.—Corpus Christi March 10, 2011, no pet.) (mem. op.). We also note that appellant's brief includes an "appendix" containing numerous documents.

res judicata. On July 28, 2011, appellees filed a "Notice of Submission," in which they requested the trial court to set their motion to dismiss on the court's submission docket on August 15, 2011 at 1:30. A certificate of service states that a copy of this notice was sent to appellant. On August 2, 2011, the trial court signed an order granting appellees' motion to dismiss. On August 5, 2011, appellant filed a request for "oral argument or hearing." The clerk's record also contains a letter from appellant to the trial court, dated "August 8, 2011" and file-stamped August 15, in which appellant requests an opportunity to present his complaint. On August 18, 2011, appellant filed a "Motion of Objection to the Hearing and Motion Granted to Dismiss." In the motion, appellant notes that a hearing date was set for August 15 on appellees' motion to dismiss, but that the court "had a secret hearing without notice to [appellant]" and granted the motion.[3] Appellant asserts that because the trial court granted appellees' motion without giving him notice, it denied his rights to a fair trial and due process. On August 29, 2011, appellant filed a notice of appeal, in which he complained that the trial court dismissed his petition before the submission date, and he was denied an opportunity to be heard.

## II. STANDARD OF REVIEW AND APPLICABLE LAW

An appeal of a motion to dismiss is reviewed under an abuse of discretion standard of review. *Bowers v. Matula*, 943 S.W.2d 536, 538 (Tex. App.—Houston [1st Dist.] 1997, no writ); *see also Fuentes v. Ventura*, No. 13-99-087-CV, 2000 Tex. App. LEXIS 6029, at *2 (Tex. App.—Corpus Christi Aug. 31, 2000, no pet.). Our scope of

---

[3] The docket sheet does not reflect that any hearing was held. The docket sheet contains a hand-written entry dated "8-15-11," which states, "Order of dismissal was signed on 8-2-11, but motion to dismiss was set for submission today—order of 8-2-11 is confirmed." The entry is initialed, but it is unclear who initialed the entry.

3

review is limited to those arguments raised by the motion to dismiss. *Matula*, 943 S.W.2d at 538.

Fundamental principles of procedural due process demand notice and an opportunity to be heard before a trial court may enter an order dismissing a lawsuit. *See Creel v. Dist. Attorney for Medina County, Tex.,* 818 S.W.2d 45, 46 (Tex. 1991) (holding dismissal of petition was a denial of due process in the absence of notice and a hearing); *Finlan v. Peavy*, 205 S.W.3d 647, 654 (Tex. App.—Waco 2006, no pet.); *see also San Sun Hat & Cap (USA) Corp. v. Romo*, No. 04-04-052-CV, 2005 Tex. App. LEXIS 2146, at *2 (Tex. App.—San Antonio March 23, 2005, no pet.); *Ventura*, 2000 Tex. App. LEXIS 6029, at *4. However, Texas courts have repeatedly held that a party is afforded due process by notice of actual dismissal and a hearing to reinstate a case because it is the same hearing with the same burden of proof as a hearing before dismissal. *Peavy*, 205 S.W.3d at 654; *see also Ogunfeyimi v. Charalambopoulous,* No. 05-11-326-CV*,* 2012 Tex. App. LEXIS 814, at **6–7 (Tex. App.—Dallas Feb. 1, 2012, no pet.) (mem. op.) (noting, in context of dismissal for want of prosecution, that "deficiencies in the notice of dismissal and the failure to hold a hearing before dismissal are harmless if the trial court holds a hearing on a motion to reinstate and provides the party the same hearing with the same burden of proof it would have had before the order of dismissal was signed"); *Alexander v. State*, No. 02-10-302-CV, 2011 Tex. App. LEXIS 7155, at *12 (Tex. App.—Fort Worth Aug. 31, 2011, pet. denied) (mem. op.) ("Even when a party has been denied prior notice of a hearing resulting in an adverse judgment, '[p]ost-judgment notice and the right to be heard in a motion for new trial have

4

been held adequate to protect litigants against a deprivation of due process.'") (quoting *Peavy*, 205 S.W.3d at 655).

### III. DISCUSSION

Here, the record reflects that appellant was given notice of the August 15, 2011 submission date, but the trial court granted appellees' motion to dismiss on August 2, 2011 without a hearing. Although appellant was provided post-judgment notice, and although appellant's August 18 "Motion of Objection" may be construed as a motion for reinstatement, there is no indication that appellant was given an opportunity to be heard on that motion. *See Peavy*, 205 S.W.3d at 655 ("Post-judgment notice and *the right to be heard in a motion for new trial* have been held adequate to protect litigants against a deprivation of due process when the litigant did not receive prior notice of a hearing resulting in an adverse judgment.") (emphasis added); *see also Alexander*, 2011 Tex. App. LEXIS 7155, at *13 (holding that any alleged due process violations were cured where appellant received actual notice of order striking his motion to intervene, filed motion for new trial and motion to reconsider, and was able to present his evidence and arguments at two hearings); *San Sun*, 2005 Tex. App. LEXIS 2146, at *3 ("Rendering an order of dismissal in the absence of proper notice is an improper judgment because it violates due process.)" (citing cases).

We conclude that the trial court abused its discretion in dismissing appellant's lawsuit in the absence of proper notice.[4]

---

[4] We note that chapter 14 of the Texas Civil Practice and Remedies Code controls suits brought by an inmate in which the inmate has filed an affidavit or unsworn declaration of inability to pay costs. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 14.002(a) (West Supp. 2011). In such a case, the trial court may dismiss a claim at any time if the court finds that the claim is frivolous or malicious. *Id.* § 14.003(a)(2) (West 2002). In deciding whether an inmate's claim is frivolous, the trial court may consider the inmate's realistic chance of ultimate success, whether the claim has an arguable basis in law or fact,

5

## IV. Conclusion

We reverse the trial court's order of dismissal and remand the cause to the trial court for further proceedings consistent with this opinion.

DORI CONTRERAS GARZA
Justice

Delivered and filed the
12th day of June, 2012.

---

whether the facts the inmate must prove in order to support his or her claim are capable of proof by the inmate, and whether the claim is substantially similar to and arises from the same facts as another claim already brought by the inmate. *Id.* § 14.003(b). When there is no arguable basis in the law for a suit, a trial court may dismiss an inmate lawsuit without a hearing. *Denson v. T.D.C.J.I.D.*, 63 S.W.3d 454, 459 (Tex. App.—Tyler 1999, pet. denied).

Here, the clerk's record contains a certified copy of appellant's inmate trust account showing that his balance, as of July 5, 2011, was zero. The record before us does not include any affidavit or unsworn declaration of inability to pay costs filed by appellant. Neither appellant's original petition nor his brief asserts that he is indigent. Appellees' motion to dismiss does not assert chapter 14 as a basis for dismissal. There is no indication that the trial court considered or relied on chapter 14 in dismissing appellant's suit. Therefore, we do not consider that the trial court's dismissal order was based on chapter 14.