

# IN THE
# TENTH COURT OF APPEALS

### No. 10-18-00149-CV

## IN THE INTEREST OF
## MINOR CHILDREN

**From the County Court at Law**
**Ellis County, Texas**
**Trial Court No. 96952D**

## MEMORANDUM OPINION

Appellant Katherine B. Booth appeals the trial court's order imposing sanctions against her. We affirm.

### *Jurisdiction*

On May 4, 2018, Booth filed a notice of appeal of the trial court's Order to Transfer Suit and Order Granting Sanctions and Attorney Fees and Costs. Booth noted that she sought only to appeal the portion of the order that related to the sanctions imposed against her. We notified Booth that the appeal was subject to dismissal for want of jurisdiction because it did not appear that there was a final judgment in the case. Booth subsequently notified the court that a final order had been signed by the trial court on October 9, 2018. A supplemental clerk's record was filed containing the order of adoption

that disposed of all pending parties and claims. Accordingly, we have jurisdiction to consider this appeal.

## Background

Booth filed an Original Petition for Adoption of Children in the County Court at Law No. 1 in Ellis County, Texas on September 18, 2017. The petition requested adoption of two siblings—D.V. and S.V.[1] At the time Booth filed the petition, the Department of Family and Protective Services was managing conservator of both children as a result of their parents' rights being terminated. The termination proceeding and issues related to the placement of the children occurred in Bailey County, Texas. The termination of the mother's rights to the children was affirmed on appeal, and both children were transferred to the Department's adoption unit. *See In re S.V. and D.V.*, No. 07-16-00279-CV, 2016 WL 7634473 (Tex. App.—Amarillo Dec. 30, 2016, pet. denied) (mem op.). The father of the children voluntarily relinquished his rights and did not appeal. *Id*. at *1 n.1. After the appeal was concluded, the 287th Judicial District Court in Bailey County retained jurisdiction over both children until such time as a final decision regarding their placement was determined.

Booth's client, LaToya Carrington, is the maternal aunt of D.V. and S.V. D.V. was placed with Carrington by the Department while the termination case was proceeding, but S.V. was placed with a non-related, foster family in Bailey County—the Intervenors. At the time Booth filed the petition for adoption in Ellis County, S.V. had been residing

---

[1] The petition identifies the children only by gender and birthdate.

with the Intervenors for approximately three years. S.V. never resided with Carrington. A third, younger sibling, C.V., was removed in a separate proceeding and also placed with Carrington.

After Booth filed the petition for adoption in Ellis County, she served it on the Department in Austin. Booth did not serve a copy of the petition on any of the pertinent individuals in Bailey County—S.V.'s attorney ad litem, S.V.'s guardian ad litem, the attorney representing the Department in Bailey County, the Department's caseworker, or the Intervenors.

The Intervenors, with the approval of the Department, S.V.'s attorney ad litem, and S.V.'s guardian ad litem, filed a petition in Bailey County on November 2, 2017 to adopt S.V. An adoption hearing was scheduled by the Bailey County court for December 6, 2017. The Ellis County court set a hearing on Carrington's petition for adoption for December 5, 2017. After the hearing on December 5, the Ellis County court signed an order of adoption for both D.V. and S.V. that was filed with the clerk of the court the same day. Booth faxed a copy of the Ellis County adoption order to the Bailey County clerk of court after 5 p.m. on December 5. Because of the Ellis County order, the scheduled adoption could not proceed in Bailey County. S.V. was aware of her pending adoption by the Intervenors and the date it was to take place. The Intervenors invited friends and family from out of the area to attend the adoption. The Intervenors, S.V., and their friends and family were made aware when they appeared for the December 6 adoption hearing that the adoption could not proceed.

The Intervenors moved for a new trial in Ellis County on December 6. The Ellis County court granted the motion, vacated the adoption order, and appointed an amicus attorney to evaluate the best interests of D.V. and S.V. The Intervenors also moved to transfer the proceeding to Bailey County or to strike Carrington's petition for adoption and for recovery of their attorney fees, expenses, and costs as a sanction because of Booth's actions. S.V.'s attorney ad litem also moved to transfer the case to Bailey County and sought reimbursement on behalf of Bailey County for his fees, costs and expenses. The Department additionally filed motions to transfer the proceeding to Bailey County and to strike Carrington's original petition.

A report was filed by the amicus attorney on January 26, 2018 that noted, among other findings, that Booth failed to disclose vital evidence to the court regarding S.V.'s place of residence, S.V.'s placement in an intended adoptive home, and S.V.'s pending adoption case in Bailey County. The amicus attorney recommended that S.V. not be adopted by Carrington and that the case be transferred to Bailey County for consideration of S.V.'s adoption.

After a hearing on the motions to transfer and for sanctions, the Ellis County court orally informed Booth, "I do anticipate awarding sanctions of attorneys' fees against you and your client." The court additionally noted:

> Ms. Booth, you have today told me you had knowledge of the pending adoption and failed to disclose that to this court. I find that lack of candor very disturbing. But what I find even more appalling is your lack of awareness of the professional impropriety of that action. I'm going to take that into account.

In its written Order to Transfer Suit and Order Granting Sanctions and Attorney Fees and Costs, the court noted: "This Court finds that KATHERINE B[.] BOOTH, attorney for Petitioner LATOYA CARRINGTON, engaged in conduct in this case which significantly interfered with the Court's core function in deciding and entering a final judgment regarding the adoption petition as outlined in Attachment A." Attachment A is the letter ruling signed by the trial court on March 9, 2018, in which the court specifically stated: "[T]he Court will invoke its inherent power to sanction Ms. Booth for her conduct in this case, which significantly interfered with the Court's core function in deciding and entering a final judgment regarding the adoption petition." The trial court sanctioned Booth for her conduct, ordering that she pay the attorney's fees, costs and expenses sustained by the Intervenors. The trial court also directed that Booth reimburse Carrington, or pay on Carrington's behalf, the attorney's fees, expenses and costs billed by the Ellis County amicus attorney and that Booth reimburse Bailey County for the attorney's fees, costs and expenses billed by the attorney ad litem for the children. The order additionally transferred the case to Bailey County.

Booth filed a Motion on Submission to Modify, Correct, or Reform Judgment; and Request for Findings of Fact and Conclusions of Law on April 24, 2018. The basis of her request was that it was "improper for the Court to enter orders that awarded sanctions against Katherine B. Booth, as such sanctions are unreasonable, unsupported by the evidence and lacking in finding and evidence of bad faith." There was no additional detail in her motion.

The Ellis County court filed findings of fact and conclusions of law on May 15, 2018, reiterating that Booth knowingly failed to disclose that an adoption hearing for S.V. was scheduled for the day after the adoption hearing in Ellis County. In its conclusions of law, the trial court noted that sanctions were imposed under its inherent power as Booth had interfered with a core function of the court in deciding and entering a final judgment regarding the adoption petition. The court further concluded that Booth's actions were in contravention of the Texas Disciplinary Rules of Professional Conduct and that the sanctions imposed were directly correlated to the harm she inflicted on the other parties. Booth's Motion on Submission to Modify, Correct, or Reform Judgment was overruled by operation of law.

After the case was transferred, the Bailey County court severed D.V. from the pending case and transferred his adoption proceeding back to Ellis County. Carrington was subsequently approved to adopt D.V.

### *Issues*

Booth presents the following issues:

I. Was it a violation of Appellant's substantive and procedural due process rights for the Trial Court to issue "inherent power" sanctions without first providing Appellant notice and a hearing?

II. Did the Trial Court abuse its discretion by issuing "inherent power" sanctions without a finding that Appellant's conduct was in "bad faith?"

III. Did the Trial Court abuse its discretion by issuing "inherent power" sanctions where the evidence does not support "bad faith" conduct by Appellant?

IV. Did the Trial Court abuse its discretion by finding that Appellant violated the Texas Disciplinary Rules of Professional Conduct Rule 3.03(a)(3) by failing to disclose information to the Trial Court at a non-ex parte hearing?

V. Did the Trial Court abuse its discretion in finding that Appellant interfered with the Trial Court's traditional core function of deciding and entering final judgment?

VI. Did the Trial Court abuse its discretion in awarding sanctions against Appellant in the amount of $9,842.38 where sanctions were not appropriate, unjust, and where the amount of sanctions is unsupported by the record?

## *Discussion*

A. Standard of Review. A court's decision to impose sanctions involves answering two distinct issues: "(1) whether conduct is sanctionable and (2) what sanction to impose." *Brewer v. Lennox Hearth Products, LLC*, 601 S.W.3d 704, 715 (Tex. 2020). Booth challenges both issues in this case.

We review a trial court's order imposing sanctions for an abuse of discretion. *Id.* at 717. The trial court abuses its discretion when it acts "without reference to guiding rules and principles such that the ruling is arbitrary or unreasonable." *Id.* (footnoted citation omitted). A decision that lacks factual support is arbitrary and unreasonable and must be set aside. *Id.* We view the entire record to determine whether the trial court abused its discretion. *Id.* While we view conflicting evidence favorably to the court's decision, we are not bound by the court's findings of fact or conclusions of law. *Id.* We will not find an abuse of discretion if some evidence supports the trial court's decision. *Nath v. Tex. Children's Hosp.*, 446 S.W.3d 355, 361 (Tex. 2014).

B.  Notice and Hearing.  The trial court's inherent power to impose sanctions is limited by the Due Process Clause of the Fourteenth Amendment to the United States Constitution.  *In re Bennett*, 960 S.W.2d 35, 40 (Tex. 1997) (orig. proceeding).  Therefore, any imposition of sanctions requires "notice reasonably calculated, under the circumstances, to apprise interested parties of the pendency of the action and afford them the opportunity to present their objections."  *Greene v. Young*, 174 S.W.3d 291, 298 (Tex. App.—Houston [1st Dist.] 2005, pet. denied).  *See also Harrell v. State*, 286 S.W.3d 315, 321 (Tex. 2009) (notice and opportunity to be heard need not occur prior to court action); *Finlan v. Peavy*, 205 S.W.3d 647, 654 (Tex. App.—Waco 2006, no pet.) (due process satisfied by notice and opportunity to be heard after court acts when burden of proof same before and after).  However, a party waives a complaint regarding due process if the party fails to preserve the complaint.  *See* TEX. R. APP. P. 33.1; *Kaufman v. Comm'n for Lawyer Discipline*, 197 S.W.3d 867, 875 (Tex. App.—Corpus Christi 2006, pet. denied).  *See also In re L.M.I.*, 119 S.W.3d 707, 711 (Tex. 2003).  "The proper method to preserve a notice complaint is to bring the lack of adequate notice to the trial court at the hearing and object to the hearing going forward or move for a continuance."  *Dunavin v. Meador*, No. 2-07-230-CV, 2008 WL 2780782, at *3 (Tex. App.—Fort Worth, July 17, 2008, no pet.).  Booth did not object at the hearing or in her Motion on Submission to Modify, Correct, or Reform Judgment to the lack of notice or a hearing.  Accordingly, Booth's complaint regarding lack of due process has not been preserved for appellate review.  We overrule issue one.

C. Bad Faith.  In her second issue, Booth argues that the trial court erred in failing to make a specific "bad faith" finding.  Although the Ellis County court did not specifically use the words "bad faith," "that is the clear import of its findings. . . ." *White v. Zhou Pei*, 452 S.W.3d 527, 549 (Tex. App.—Houston [14th Dist.] 2014, no pet.).  The Ellis County court specifically found that Booth intentionally misled the court at the adoption hearing for S.V. on December 5 by failing to disclose that there was an adoption hearing scheduled for S.V. in Bailey County on December 6.  The trial court specifically found,

> . . . Katherine B. Booth stated to the court that she had been aware at the hearing held in the County Court at Law No. 1 in Ellis County, Texas of the fact that an adoption hearing was scheduled for the next day, on December 6, 2017, for S.V. to be adopted by [the Intervenors] in the 287th Judicial District Court of Bailey County, Texas.  Ms. Booth admitted that, although she was aware of this, she did not disclose this fact to the County Court at Law No. 1 in Ellis County, Texas during the adoption hearing held on December 5, 2017.  The Court finds Ms. Booth intentionally misled the Court by failing to disclose the existence of the other pending case.

The clear import of the court's finding was that Booth acted in bad faith.  Booth's second issue is overruled.

D. Sufficiency.  In her third, fourth, and fifth issues, Booth essentially argues that there was insufficient evidence to support the trial court's findings that she intentionally misled the court, that she violated the Disciplinary Rules of Professional Conduct, or that she interfered with the trial court's traditional core functions.  Because we find the third and fifth issues dispositive, we need not reach issue four.

As noted, Booth did not serve a copy of the petition for adoption she filed in Ellis County on any of the parties entitled to such service in Bailey County, even though she knew that the Department had been appointed managing conservator of S.V. and that

the appointment had not been ended or modified by the Bailey County court. Booth also knew of the pending adoption proceeding in Bailey County and knew that it was set for a hearing on December 6, but she never relayed this information to the Ellis County court. In fact, she waited until after 5 p.m. to fax a copy of the Ellis County adoption order to the clerk in Bailey County. Booth asserts this was because it took her a certain amount of time to return to her office after the adoption hearing in Ellis County. The Order Granting Adoption was filed with the Ellis County District Clerk at 9:27 a.m. on December 5. Booth could have requested the Ellis County District Clerk to immediately send a copy of the Order to Bailey County. It may be inferred from Booth's failure to do so that she did not want the Bailey County court to know of the adoption in Ellis County in order to avert interference from Bailey County. The trial court did not abuse its discretion in finding that Booth acted in bad faith as there was some evidence in the record that Booth intentionally misled the court. We overrule Booth's third issue.

The core functions of the court include, but are not limited to, hearing evidence, deciding issues of fact raised by the pleadings, deciding questions of law, rendering final judgment, enforcing its judgment, managing its docket, and the issuance and enforcement of its orders. *Darnell v. Brobert*, 565 S.W.3d 450, 460 (Tex. App.—El Paso 2018, no pet.). Booth's actions affected both the Ellis County and the Bailey County courts' abilities to decide issues of fact and questions of law, to render final judgments, and to manage their dockets.

Because of Booth's actions, the Bailey County court cancelled the adoption proceeding for S.V., and the Ellis County court was required to vacate the order of

adoption, appoint an amicus attorney, rule on the various motions filed by the parties, issue an order transferring the case to Bailey County, and issuing findings of fact and conclusions of law. The trial court did not abuse its discretion in imposing sanctions against Booth because there was some evidence in the record to support the trial court's finding that Booth interfered with the court's core functions. Accordingly, we overrule Booth's fifth issue.

E.  Amount of sanctions imposed.  In her sixth issue, Booth asserts that the trial court abused its discretion in the amount of sanctions imposed because the sanctions were "not appropriate, unjust," and were not supported by the record. The Ellis County court specifically found:

> If Ms. Booth had disclosed the fact that a conflicting adoption hearing for S.V. was already scheduled in the court of continuing jurisdiction to occur on the next day to the County Court at Law No. 1 in Ellis County, Texas on December 5, 2017, this Court would not have acted on the adoption and all of the proceedings that have transpired in this case and all of the attorney's fees and costs would not have been incurred by the other parties in this case.

The Ellis County court also specifically noted that "the sanctions ordered against Ms. Booth are directly correlated to the harm she has inflicted on the other parties in this case. They are intended to make the other parties financially whole for the fees, costs and expenses they have incurred as a result of Ms. Booth's actions."

In a letter dated May 9, 2018, the Ellis County court informed the parties of his ruling, and requested that counsel for the Department

> prepare the Order, circulate it to all counsel, and submit it to the Court for entry in Microsoft Word format.  Blanks should be left for the attorney's fees and expenses.  The Amicus Attorney, Interveners' attorney and the

child's Attorney Ad Litem should submit supplemental information to the Court showing the total of attorney's fees and expenses they have incurred, and anticipate to incur, through entry of the Order.

The attorney representing the Department emailed a proposed order to the Ellis County Court and noted that the amicus attorney, the ad litem, and the Intervenors' attorney had "provided the numbers for their attorney's fees, expenses and costs to me to fill in the blanks on the proposed order. I assume they have also provided this information to the Court." The State's attorney further noted:

> The proposed order has been circulated to all counsel and all counsel received the proposed order (or a substantially similar first version of it) and have had it for review for 5 business days. All counsel have had the opportunity to have input into the language of the order and I have not received any objections from any counsel in regards to the proposed order.

Attached to the email to the Court is an email reflecting that the proposed order was sent to Booth at the same email address included on her Appellant's brief. Although given the opportunity, Booth did not object to the proposed amounts.

The trial court signed the proposed order submitted by the State's attorney, ordering payment of a total of $3,678.30 to the amicus attorney, $4,339.49 to the Intervenors' attorney, and $1,824.59 to Bailey County for payments to the attorney ad litem. As previously noted, Booth's Motion on Submission to Modify, Correct, or Reform Judgment asserted that the sanction award imposed against her was improper because the sanctions were "unreasonable, unsupported by the evidence and lack in finding and evidence of bad faith." Booth included no more specific grounds. Booth did not, therefore, make a timely, specific objection and her complaint is not preserved for appellate review. *See* TEX. R. APP. P. 33.1(a). We overrule Booth's sixth issue.

*Conclusion*

Having overruled Booth's first, second, third, fifth, and sixth issues, we conclude that the trial court did not abuse its discretion in determining that Booth's conduct was sanctionable and that $9,842.38 is an appropriate sanction. The trial court's Order to Transfer Suit and Order Granting Sanctions and Attorney Fees and Costs signed on April 4, 2018 is affirmed as it relates to the imposition of sanctions against Katherine B. Booth.

<div style="text-align: center; margin-left: 50%;">

MATT JOHNSON
Justice

</div>

Before Chief Justice Gray,
     Justice Neill, and
     Justice Johnson
Affirmed
Opinion delivered and filed February 10, 2021
[CV06]

