Lynn Murphy CREEL, Petitioner,

v.

DISTRICT ATTORNEY FOR MEDINA
COUNTY, TEXAS, Respondent.

No. D–1291.

Supreme Court of Texas.

Oct. 30, 1991.

Lynn Murphy Creel, Rosharon, for petitioner.

Rogelio F. Munoz, Uvalde, for respondent.

PER CURIAM.

Pursuant to the Texas Open Records Act (the Act), Creel filed a petition for writ of mandamus in the trial court to compel the Medina County District Attorney to release a copy of a public document. The trial court sua sponte dismissed Creel's petition. The court of appeals affirmed. 804 S.W.2d 628, (1991). Because Creel was denied due process of law, we reverse and remand.

Creel was indicted on felony charges in both Bexar and Medina Counties. All charges stemmed from the same criminal episode. After he was successfully prosecuted in Bexar County, the Medina County charges were dismissed. Thereafter, Creel sought to obtain documents relative to the dismissed charges from the Medina County District Attorney. Whether the Medina County records were open and available for inspection was decided in *Creel v. Sheriff of Medina County* and *Creel v. District Attorney for Medina County,* 751 S.W.2d 645 (Tex.App.—San Antonio 1988, no writ), (*Creel I*). There, the court held that the records were in fact public records and open to inspection and duplication.

Based on the judgment and order in *Creel I,* Petitioner filed a motion for enforcement of the judgment. The trial court conducted a hearing to determine whether there had been compliance consistent with *Creel I.* At the hearing, the trial court heard evidence from the district attorney who advised the court that his office was in full compliance and that the file was available for inspection. The district attorney asserted that only Creel's incarceration stood in the way of inspection and duplication. The trial court concurred and determined that the district attorney had complied with the order. In an unpublished opinion, *Creel II,* the court of appeals affirmed.

The record in the current action reveals that subsequent to the judicial determination that the records were open, Creel requested a certified copy of a specific document from the district attorney's file—a "motion to take hair samples." Creel's request contained an offer of remittance pursuant to subsection 9(a) of the Act, but he never received the document. *See* Tex.Rev. Civ.Stat.Ann. art. 6252–17a, § 9(a) (Vernon Supp.1991). Based upon the district attorney's apparent refusal to honor his request, Creel filed a petition for writ of

mandamus in order to force the release of the document. Without notice or hearing, the trial court dismissed the petition, and rendered the issue of the district attorney's compliance moot. The court of appeals agreed, and held that *Creel I* and *Creel II* had already established the public nature of the records and that Creel's remedy was therefore complete.[1]

The dispositive issue in this cause is whether it was a denial of due process for the trial court to summarily dismiss Creel's petition absent either notice or hearing. Fundamental requirements of due process demand an opportunity to be heard. *Armstrong v. Manzo*, 380 U.S. 545, 552, 85 S.Ct. 1187, 1191, 14 L.Ed.2d 62, 66 (1965). Consequently, the issue of whether the district attorney's compliance was moot must still be decided pursuant to notice and hearing. The trial court acted improperly when it summarily dismissed Creel's petition for writ of mandamus.[2] We therefore grant Creel's application for writ of error and pursuant to Texas Rule of Appellate Procedure 170, without hearing oral argument, a majority of the court reverses the judgment of the court of appeals and remands this cause to the trial court for further proceedings consistent with this opinion.

---

1. While Creel is not entitled to certified copies, the Act provides for suitable copies of public documents to be produced upon request. *See* Op. Tex. Att'y Gen. No. H–305 (1974). Therefore, the district attorney must comply with a reasonable request for suitable copies. *See* Tex. Rev.Civ.Stat.Ann. art. 6252–17a, § 9(c) (Vernon Supp.1991).

2. We note that the Texas Civil Practice and Remedies Code allows a court to dismiss actions

filed in forma pauperis on a finding that the allegation of poverty is false or the action is frivolous or malicious. *See* Tex.Civ.Prac. & Rem. Code Ann. § 13.001 (Vernon Supp.1991); *see also Johnson v. Lynaugh*, 796 S.W.2d 705, 706 (Tex. 1990). In this case, however, the district court made no such findings. Nor could Creel's request for copies, grounded upon *Creel I* and the Act, be considered frivolous or malicious.