NO. 07-02-0490-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL E

DECEMBER 6, 2002

_____

IN RE ADAM LOPEZ

_____

Before REAVIS and JOHNSON, JJ., and BOYD, S.J.[1]

Relator Adam Lopez seeks a writ of mandamus ordering respondent, the Honorable Blair Cherry, Jr., Judge of the 72nd District Court of Lubbock County, to adjudicate a Petition for Expunction. We deny the petition for writ of mandamus.

On November 25, 2002, Lopez filed with the clerk of this court a pleading seeking issuance of writ of mandamus directed to respondent. Relator's pleading alleges that he filed a petition seeking expunction of records as to Cause Number 98-428290 in the 72nd District Court of Lubbock County ("the subject cause") and that respondent failed to act on such petition. We are requested to direct respondent to act on the petition.

_____

[1]John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment.

In support of the petition for writ of mandamus, relator attached a copy of his Petition for Expunction of Records and a Motion to Dismiss and Order of Dismissal in the subject cause. No other document or record of proceedings is attached to or furnished in support of relator's application for writ of mandamus.

Fundamental requirements of due process mandate an opportunity to be heard. Creel v. District Atty. for Medina County, 818 S.W.2d 45, 46 (Tex. 1991). Thus, a district court may be compelled via mandamus to consider and rule on a pending motion presented to the court. See State ex rel. Curry v. Gray, 726 S.W.2d 125, 128 (Tex.Crim.App. 1987). Mandamus, however, will not issue to compel a particular result in a discretionary decision on a motion. Id; White, 640 S.W.2d at 593-94.

Consideration of and ruling on a motion properly filed and pending before a trial court are ministerial acts. See Eli Lilly and Co. v. Marshall, 829 S.W.2d 157, 158 (Tex. 1992); White v. Reiter, 640 S.W.2d 586, 594, 596 (Tex.Crim.App.1982). Relators seeking issuance of a writ of mandamus directing a trial court to take action in a proceeding must satisfy three requirements to show entitlement to the writ: (1) a legal duty on behalf of the trial court to perform; (2) a demand for performance; and (3) a refusal to act. Stoner v. Massey, 586 S.W.2d 843, 846 (Tex. 1979). Relators seeking issuance of a writ of mandamus also must provide a sufficient record to establish entitlement to such relief. Walker v. Packer, 827 S.W.2d 833, 837 (Tex. 1992). It is the relator's burden to show entitlement to the relief being requested. See generally Johnson v. Fourth District Court of Appeals, 700 S.W.2d 916, 917 (Tex. 1985) (orig. proceeding). Relator must file with the

2

petition a certified sworn copy of every document that is material to relator's claim for relief and that was filed in any underlying proceeding, and a properly authenticated transcript of any relevant testimony from any underlying proceeding including any exhibits offered in evidence or a statement that no testimony was adduced in connection with the complained of matter. TEX. R. APP. P. 52.7(a).

Relator's petition contains only allegations. Those allegations do not assert that relator presented his motion to respondent for action on the motion. Nor do the attachments to relator's petition for mandamus show that relator presented his trial court petition or the matters in it to respondent with a request that respondent consider and act on the matters. See State ex rel. Curry, 726 S.W.2d at 128. Accordingly, relator has not presented a record which shows entitlement to the relief sought, or upon which we are authorized to act.

The petition for writ of mandamus is denied.

Phil Johnson
Justice

Do not publish.