COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | | |
|---|---|---|
| R. WAYNE JOHNSON, | § | |
| Appellant, | § | No. 08-09-00077-CV |
| v. | § | Appeal from the |
| PAUL SLOAN, JANET SELLS, KENNETH HOLT, ROBBIE STONE, | § | 171st District Court |
| KENDALL RICKERSON, V. L. BRISHER, and DEANNA DAVIS, | § | of El Paso County, Texas |
| | § | (TC# 2007-4189) |
| Appellees. | § | |

**O P I N I O N**

R. Wayne Johnson, *pro se*, appeals from an order dismissing his lawsuit against Paul Sloan, Janet Sells, Kenneth Holt, Robbie Stone, Kendall Rickerson, V.L. Brisher, and Deanna Davis. We affirm.

**FACTUAL SUMMARY**

Johnson is an inmate in the Texas Department of Criminal Justice - Institutional Division. He filed suit against Appellees alleging they had violated his First, Fifth, and Fourteenth Amendment rights by returning his mail to him and not properly processing his grievances. Appellees filed notice with the trial court that Johnson is precluded from filing the lawsuit because he has previously been declared a vexatious litigant under Chapter 11 of the Texas Civil Practice and Remedies Code and he has not obtained permission to file suit from a local administrative judge. Following a hearing, the court dismissed Johnson's suit pursuant to Section 11.103(b).

**MANDAMUS**

Johnson raises four issues regarding our denial of his mandamus petition. *See In re R. Wayne Johnson*, No. 08-08-00354-CR, 2009 WL 222374 (Tex.App.--El Paso Jan. 29, 2009, orig. proceeding)(not designated for publication). In this direct appeal from the trial court's dismissal order, we are unable to reconsider our ruling on the mandamus petition even if we were inclined to do so. We overrule Issues One, Twelve, Thirteen, and Fourteen.

## AUTHORITY OF ATTORNEY GENERAL

In Issue Two, Johnson maintains that the dismissal order is void because the attorney general is not authorized to answer the suit on behalf of Appellees. In Issues Three through Nine, he complains that the original order finding him to be a vexatious litigant is void for the same reason, and therefore, the dismissal order is void because it is based on a void order. He directs us Section 402.021 of the Texas Government Code in support of his arguments. Section 402.021 provides that "[t]he attorney general shall prosecute and defend all actions in which the state is interested before the supreme court and courts of appeals." TEX.GOV'T CODE ANN. § 402.021 (Vernon 2005). Since Section 402.021 does not mention district courts, Johnson reasons that the attorney general is not authorized to appear in district courts. Other than his reference to Section 402.021, Johnson does not provide any authority for his argument that a judgment or order is rendered void if an attorney appearing in the case was not authorized to represent one or more of the parties. Johnson has waived his arguments by failing to adequately brief them. *See* TEX.R.APP.P. 38.1(i)(requiring brief to contain appropriate citations to authority); *Myrick v. Enron Oil and Gas Co.,2*96 S.W.3d 724, 729 (Tex.App.--El Paso 2009, no pet. h.).[1] We overrule Issues Two through Nine.

---

[1] We note that the Amarillo Court of Appeals has considered and rejected Johnson's arguments regarding the authority of the attorney general to represent the State in district court. *See In re R. Wayne Johnson*, No. 07-07-0431-CV, 2009 WL 2225844 (Tex.App.--Amarillo 2009, July 27, 2009, orig. proceeding)(holding that Section 402.021 is not the only basis for the Attorney General's representation of the State in litigation), *citing* TEX.CONST. art. IV, § 22 *and El Paso Electric Company v. Texas Department of Insurance*, 937 S.W.2d 432, 438 (Tex. 1996).

**DENIAL OF DUE PROCESS**

In Issue Ten and Eleven, Johnson contends that a summary dismissal violates due process. He cites *Creel v. District Attorney for Medina County, Texas*, 818 S.W.2d 45 (Tex. 1991) for this proposition. In *Creel*, the petitioner filed a petition for writ of mandamus in the trial court to compel the Medina County District Attorney to release a copy of a public document pursuant to the Open Records Act. The trial court *sua sponte* dismissed Creel's petition and the court of appeals affirmed. *Creel v. District Attorney for Medina County, Texas*, 804 S.W.2d 628 (1991). The Texas Supreme Court reversed, holding that Creel was denied due process of law because his mandamus petition was denied without notice or a hearing. *Creel*, 818 S.W.2d at 46. The instant case is distinguishable because the record does not reflect that Johnson was denied due process.

The Office of Court Administration is required to maintain a list of vexatious litigants subject to prefiling orders under Section 11.101. TEX.CIV.PRAC.&.REM.CODE ANN. § 11.104(b)(Vernon 2002). That list reflects that Johnson was found to be a vexatious litigant on June 14, 2001 in Cause Number B-01-1159-0-CV-B by the 156th District Court of Bee County, Texas. Thus, Johnson was required to obtain permission of a local administrative judge to file suit. *See* TEX.CIV.PRAC.& REM.CODE ANN. § 11.102(a). He is obviously aware of this requirement. *See e.g., In re R. Wayne Johnson*, No. 07-09-0035-CV, 2009 WL 2632800 (Tex.App.--Amarillo Aug. 27, 2009, orig. proceeding); *In re R. Wayne Johnson*, No. 07-07-0431-CV, 2009 WL 2225844 (Tex.App.--Amarillo 2009 July 27, 2009, orig. proceeding); *In re R. Wayne Johnson*, No. 07-07-0245-CV, 2008 WL 2681314 (Tex.App.--Amarillo 2008 July 9, 2008, orig. proceeding).

A local administrative judge may grant a vexatious litigant permission to file suit only if it appears to the judge that the litigation has merit and has not been filed for the purposes of harassment or delay. TEX.CIV.PRAC.&REM.CODE ANN. § 11.102(a). Section 11.103 prohibits a

clerk of a court from filing litigation presented by a vexatious litigant subject to a prefiling order. TEX.CIV.PRAC.&REM.CODE ANN. § 11.103(a). But if the clerk mistakenly files pleadings without an order from the local administrative judge, any party may file with the clerk and serve on the plaintiff and the other parties to the suit a notice stating that the plaintiff is a vexatious litigant subject to a prefiling order under Section 11.101. TEX.CIV.PRAC.&REM.CODE ANN. § 11.103(b). Upon the filing of the notice, the court is required to dismiss the suit unless the plaintiff, within ten days after the notice is filed, obtains an order from the local administrative permitting the filing of the litigation. TEX.CIV.PRAC.&REM.CODE ANN. § 11.103(b).

The notice filed by the attorney general on April 28, 2008 includes a certificate of service stating that a copy of the notice was served on Johnson by certified mail. Johnson does not contend he did not receive the notice. To avoid dismissal, Johnson only had to obtain permission of a local administrative judge to file the suit and file a copy of the order with the trial court. The record does not reflect that Johnson obtained permission or even attempted to obtain permission. Although the statute provides that the suit can be dismissed with ten days of the filing of the notice, the trial court did not dismiss Johnson's suit until February 4, 2009. Under these circumstances, we conclude that Johnson has not been denied due process. We overrule Issues Ten and Eleven and affirm the dismissal order.

March 24, 2010

ANN CRAWFORD McCLURE, Justice

Before McClure, J., Rivera, J., and Salas-Mendoza, Judge
Salas-Mendoza, Judge, sitting by assignment