COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS





R. WAYNE JOHNSON,

                            Appellant,

v.

PAUL SLOAN, JANET SELLS,
KENNETH HOLT, ROBBIE STONE,
KENDALL RICKERSON, 
V. L. BRISHER, and DEANNA DAVIS,

                            Appellees.

§
 
§
 
§
 
§
 
§
 
§

§ 



No. 08-09-00077-CV

Appeal from the

171st District Court

of El Paso County, Texas 

(TC# 2007-4189) 





O P I N I O N
            R. Wayne Johnson, pro se, appeals from an order dismissing his lawsuit against Paul Sloan,
Janet Sells, Kenneth Holt, Robbie Stone, Kendall Rickerson, V.L. Brisher, and Deanna Davis. We
affirm.
FACTUAL SUMMARY
            Johnson is an inmate in the Texas Department of Criminal Justice - Institutional Division.
He filed suit against Appellees alleging they had violated his First, Fifth, and Fourteenth Amendment
rights by returning his mail to him and not properly processing his grievances. Appellees filed notice
with the trial court that Johnson is precluded from filing the lawsuit because he has previously been
declared a vexatious litigant under Chapter 11 of the Texas Civil Practice and Remedies Code and
he has not obtained permission to file suit from a local administrative judge. Following a hearing,
the court dismissed Johnson’s suit pursuant to Section 11.103(b). 
MANDAMUS
            Johnson raises four issues regarding our denial of his mandamus petition. See In re R.
Wayne Johnson, No. 08-08-00354-CR, 2009 WL 222374 (Tex.App.--El Paso Jan. 29, 2009, orig.
proceeding)(not designated for publication). In this direct appeal from the trial court’s dismissal
order, we are unable to reconsider our ruling on the mandamus petition even if we were inclined to
do so. We overrule Issues One, Twelve, Thirteen, and Fourteen.
AUTHORITY OF ATTORNEY GENERAL
            In Issue Two, Johnson maintains that the dismissal order is void because the attorney general
is not authorized to answer the suit on behalf of Appellees. In Issues Three through Nine, he
complains that the original order finding him to be a vexatious litigant is void for the same reason,
and therefore, the dismissal order is void because it is based on a void order. He directs us Section
402.021 of the Texas Government Code in support of his arguments. Section 402.021 provides that
“[t]he attorney general shall prosecute and defend all actions in which the state is interested before
the supreme court and courts of appeals.” Tex.Gov’t Code Ann. § 402.021 (Vernon 2005). Since
Section 402.021 does not mention district courts, Johnson reasons that the attorney general is not
authorized to appear in district courts. Other than his reference to Section 402.021, Johnson does
not provide any authority for his argument that a judgment or order is rendered void if an attorney
appearing in the case was not authorized to represent one or more of the parties. Johnson has waived
his arguments by failing to adequately brief them. See Tex.R.App.P. 38.1(i)(requiring brief to
contain appropriate citations to authority); Myrick v. Enron Oil and Gas Co.,296 S.W.3d 724, 729
(Tex.App.--El Paso 2009, no pet. h.).


 We overrule Issues Two through Nine.
DENIAL OF DUE PROCESS
            In Issue Ten and Eleven, Johnson contends that a summary dismissal violates due process. 
He cites Creel v. District Attorney for Medina County, Texas, 818 S.W.2d 45 (Tex. 1991) for this
proposition. In Creel, the petitioner filed a petition for writ of mandamus in the trial court to compel
the Medina County District Attorney to release a copy of a public document pursuant to the Open
Records Act. The trial court sua sponte dismissed Creel’s petition and the court of appeals affirmed. 
Creel v. District Attorney for Medina County, Texas, 804 S.W.2d 628 (1991). The Texas Supreme
Court reversed, holding that Creel was denied due process of law because his mandamus petition
was denied without notice or a hearing. Creel, 818 S.W.2d at 46. The instant case is distinguishable
because the record does not reflect that Johnson was denied due process.
            The Office of Court Administration is required to maintain a list of vexatious litigants subject
to prefiling orders under Section 11.101. Tex.Civ.Prac.&.Rem.Code Ann. § 11.104(b)(Vernon
2002). That list reflects that Johnson was found to be a vexatious litigant on June 14, 2001 in Cause
Number B-01-1159-0-CV-B by the 156th District Court of Bee County, Texas. Thus, Johnson was
required to obtain permission of a local administrative judge to file suit. See Tex.Civ.Prac.&
Rem.Code Ann. § 11.102(a). He is obviously aware of this requirement. See e.g., In re R. Wayne
Johnson, No. 07-09-0035-CV, 2009 WL 2632800 (Tex.App.--Amarillo Aug. 27, 2009, orig.
proceeding); In re R. Wayne Johnson, No. 07-07-0431-CV, 2009 WL 2225844 (Tex.App.--Amarillo
2009 July 27, 2009, orig. proceeding); In re R. Wayne Johnson, No. 07-07-0245-CV, 2008 WL
2681314 (Tex.App.--Amarillo 2008 July 9, 2008, orig. proceeding).
            A local administrative judge may grant a vexatious litigant permission to file suit only if it
appears to the judge that the litigation has merit and has not been filed for the purposes of
harassment or delay. Tex.Civ.Prac.&Rem.Code Ann. § 11.102(a). Section 11.103 prohibits a
clerk of a court from filing litigation presented by a vexatious litigant subject to a prefiling order. 
Tex.Civ.Prac.&Rem.Code Ann. § 11.103(a). But if the clerk mistakenly files pleadings without
an order from the local administrative judge, any party may file with the clerk and serve on the
plaintiff and the other parties to the suit a notice stating that the plaintiff is a vexatious litigant
subject to a prefiling order under Section 11.101. Tex.Civ.Prac.&Rem.Code Ann. § 11.103(b). 
Upon the filing of the notice, the court is required to dismiss the suit unless the plaintiff, within ten
days after the notice is filed, obtains an order from the local administrative permitting the filing of
the litigation. Tex.Civ.Prac.&Rem.Code Ann. § 11.103(b).
            The notice filed by the attorney general on April 28, 2008 includes a certificate of service
stating that a copy of the notice was served on Johnson by certified mail. Johnson does not contend
he did not receive the notice. To avoid dismissal, Johnson only had to obtain permission of a local
administrative judge to file the suit and file a copy of the order with the trial court. The record does
not reflect that Johnson obtained permission or even attempted to obtain permission. Although the
statute provides that the suit can be dismissed with ten days of the filing of the notice, the trial court
did not dismiss Johnson’s suit until February 4, 2009. Under these circumstances, we conclude that
Johnson has not been denied due process. We overrule Issues Ten and Eleven and affirm the
dismissal order.

March 24, 2010                                                                                                                                              ANN CRAWFORD McCLURE, Justice

Before McClure, J., Rivera, J., and Salas-Mendoza, Judge
Salas-Mendoza, Judge, sitting by assignment