77,273-03

TROY EUGENE HUFFMASTER
TDCJ-CID# 1537487
WILLIAM CLEMENTS UNIT
9601 SPUR 591
AMARILLO, TEXAS 79107


HONORABLE CLERK
ABEL ACOSTA
TEXAS COURT OF CRIMINAL APPEALS
P.O. BOX 12308, CAPITAL STATION
AUSTIN, TEXAS
            78711

RECEIVED IN
COURT OF CRIMINAL APPEALS

MAR 12 2015

Abel Acosta, Clerk

RE: FILING OF PETITION FOR WRIT OF MANDAMUS

Dear Honorable Clerk:

   Please find enclosed my "PETITION FOR WRIT OF MANDAMUS" for
presentation to the Honorable Justices for consideration.

   There are no copy services available in TDCJ-CID so I am unable
to make any additional copies or serve the District Court (Respon-
dent) with a copy of this Petition. If additional copies are re-
quired would you please make them.

   I thank you in advance for your time and attention in this matter.


Sincerely yours,

Troy Huffmaster
3-8-15
Troy Eugene Huffmaster

Pro Se Representation

APP. NO._____

IN THE

TEXAS COURT OF CRIMINAL APPEALS

AT AUSTIN, TEXAS

*************

IN RE TROY EUGENE HUFFMASTER,

PETITIONER/RELATOR.

*************

| | | |
|---|---|---|
| TROY EUGENE HUFFMASTER, | § | IN THE 214TH JUDICIAL |
| TDCJ-CID#1537487, | § | |
| RELATOR, | § | |
| | § | |
| VS. | § | |
| | § | |
| | § | DISTRICT COURT OF |
| | § | |
| NUECES COUNTY DISTRICT JUDGE, | § | |
| JOSE LONGORIA, | § | |
| IN HIS OFFICIAL CAPACITY, | § | |
| RESPONDENT. | § | NUECES COUNTY, TEXAS |

*********************************************************************

PETITION FOR WRIT OF MANDAMUS

*********************************************************************

TO THE HONORABLE JUDGES OF THE COURT OF CRIMINAL APPEALS:

COMES NOW, Troy Eugene Huffmaster, the petitioner, pro se, and respectfully moves this Honorable Court to issue a Writ of Mandamus and order the Honorable Jose Longoria, in his official capacity as the District Judge of the 214th Judicial District of Nueces County, Texas, to either grant or deny Petitioner's "MOTION TO COMPLY WITH COURT OF APPEALS MODIFICATION OF JUDGMENT."

## I.

## JURISDICTION STATEMENT

Jurisdiction of this Court is invoked pursuant to Texas Code of Criminal Procedure, Article 4.04, Sections 1 and 2, or whatever applicable Texas Code of Criminal Procedure, statute or rule necessary to invoke jurisdiction of this Court. Petitioner/Relator, requests that this Court liberally construe his pleading in light of Haines v Kerner, 404 U.S. 519, 521 (1972).

## II.

## STATEMENT OF THE CASE

1. On **May 28, 2009**, the Court of Appeals of the Thirteenth District of Texas, Corpus Christi-Edinburg, modified Petitioner's Judgment by stating the following:

"The written judgment recites that the underlying offense, escape, is a second-degree felony. However, Huffmaster was indicted for third-degree felony escape, and the jury found him guilty of that offense. The State points out the judgment should be reformed to show the conviction was a conviction for third-degree felony escape from a secure correctional facility. We agree and therefore modify the judgment to show Huffmaster was convicted of third-degree felony escape from a secure correctional facility." **(See Court of Appeals Memorandum Opinion at 19 attached as EXHIBIT A). (Attached to this Petition).**

2. On approximately **November 1, 2013**, Petitioner filed an application for writ of habeas corpus with the 214th Judicial District Court of Nueces County, Texas.

3. On approximately **December 3, 2013,** Petitioner received a copy of the State's Answer. Included within the State's Answer was a copy of Petitioner's Judgment which illustrated the fact that the Court of Appeals modification of Judgment was never complied with because the Judgment states: Offense for which Defendant Convicted: **ESCAPE, BODILY INJURY.** Degree of Offense: **2ND DEGREE FELONY.** (See Judgment attached as EXHIBIT B). (Attached to this Petition).

4. On approximately **July of 2014,** Petitioner filed a "MOTION TO ENFORCE COURT OF APPEALS MODIFICATION OF JUDGMENT," with the Court of Appeals.

5. On approximately August of 2014, the Court of Appeals denied Petitioner's Motion to Enforce Court of Appeals Modification of Judgment.

6. On approximately **August of 2014,** the Court of Appeals denied Petitioner's pro se Motion to Respond to the State's Answer. (The State partly stated that Petitioner's Motion was not properly in front of the Court cited it was not a Writ of Mandamus).

7. On approxiamtely **September of 2014,** the Court of Appeals DISMISSED FOR WANT OF JURISDICTION, Petitioner's pro se Motion for Reconsideration.

8. On approximately **October 2nd, 2014,** Petitioner filed with the 214th Judicial District Court a motion titled: "MOTION TO COMPLY WITH COURT OF APPEALS MODIFICATION OF JUDGMENT." **(Attached to this Petition).**

9. On approximately **December 23rd, 2014,** Petitioner filed with the 214th Judicial District Court a motion titled: "MOTION TO COMPEL

COURT TO RULE ON PENDING MOTION TO COMPLY WITH COURT OF APPEALS MODIFICATION OF JUDGMENT."

10. On approximately **January 28, 2015**, Petitioner filed with the 214th Judicial Court a motion titled: PETITIONER'S SECOND MOTION TO COMPEL COURT TO RULE ON PENDING MOTION TO COMPLY WITH COURT OF APPEALS MODIFICATION OF JUDGMENT."

## III.

### ARGUMENTS: REASONS WHY WRIT SHOULD ISSUE

### A.   MANDAMUS SHOULD ISSUE BECAUSE PETITIONER HAS NO OTHER ADEQUATE REMEDY

**RELATOR**

Troy Eugene Huffmaster, TDCJ-CID# 1537487 is an offender incarcerated in the Texas Department of Criminal Justice and is appearing pro se, who can be locted at the William Clements Unit, 9601 Spur 591, Amarillo, Texas 79107.

Relator has exhausted his remedies and has no other adequate remedy at law. The act sought to be compelled is ministerial, not discretionary in nature.

**RESPONDENT**

Respondent, Jose Longoria, in his official capacity as the District Judge of Nueces County, Texas has a ministerial duty to rule on Motions properly filed and before the Court. Consideration of a motion properly filed before a trial court is ministerial. See White v Roper, 640 S.W.2d 586,594-596 (Tex.Crim.App.1982).

### B. THE DISTRICT COURT JUDGE FAILED TO PERFORM HIS MINISTERIAL DUTY AND RULE ON PETITIONER'S MOTION TO COMPLY WITH THE COURT OF APPEALS MANDATE TO MODIFY PETITIONER'S JUDGMENT

Fundamental requirements of due process mandate an opportunity to be heard. Creel v District Attorney for Medina County, 818 S.W. 2d 45, 46 (Tex.Crim.App.1991). Thus, a district court may be compelled via mandamus to consider and rule on a pending motion presented to the court. See State ex rel. Curry v Gray, 726 S.W.2d 125, 128 (Tex.Crim.App.1987); Cf., In re Christensen, 39 S.W.3d 250 (Tex. App.-Amarillo 2000).

The Court of Appeals issued a mandate in this case to modify Petitioner's Judgment to show a conviction for a third-degree felony escape rather than a second-degree felony escape causing bodily injury. The trial court failed to comply with the Court of Appeals mandate. A "Mandate" is the official notice of the action of the appellate court directed to the court below, advising it of the action of the appellate court and directing it to have its judgment duly recognized, obeyed, and executed." See Saudi v Brieven, 176 S.W.3d 108 (Tex.App.-Houston [1st Dist.] 2004). The mandate has also been described as "a command of the court, which the court is authorized to give and which must be obeyed." See Williams v State, 899 S.W.2d 13, 15 (Tex.App.-Houston [1st Dist.] 2004).

To date, Petitioner/Relator has received no response from the Respondent regarding Petitioner's/Relator's above stated Motion's properly before the court. As is clear from Petitioner's/Relator's Motions, Petitioner/Relator has repeatedly put Respondent on notice that Petitioner/Relator seeks a ruling on the Motions properly filed with said court.

In contrast to Petitioner's /Relator's efforts, Respondent has

wholly failed to perform its ministerial duty, is acting in bad faith, and has also failed to afford Petitioner/Relator the professional and common courtesy of a ruling on said Motion's despite Petitioner's/Relator's diligent efforts to have the court obey the Court of Appeals mandate which has caused Petitioner severe prejudice in the eyes of the unit classification department and the Amarillo Parole Board members.

## C.   THIS COURT HAS JURISDICTION OVER THE 214TH JUDICIAL DISTRICT COURT OF NUECES COUNTY, TEXAS

The Respondent has failed in its ministerial duty to rule on Petitioner's/Relator's pending Motions which is a violation of due process. This Court has jurisdiction pursuant to Texas Code of Criminal Procedure, Article 4.04, Sections 1 and 2.

## D.   A WRIT OF MANDAMUS SHOULD BE ISSUED

A "writ of mandamus is an order directing a public official or public body to perform a duty exacted by law." United States v Denson, 603 F.2d 1143, 1146 (5th Cir.1979). It "is an extraordinary remedy for extraordinary causes." In re Corrugated Container Antitrust Litig. Mead Corp., 614 F.2d 958, 961-62 (5th Cir.1980). To obtain the writ, the petitioner must show "that no other adequate means exist to attain the requested relief and that his right to issuance of the writ is "clear and indisputable." In re Willy, 831 F.2d 545, 549 (5th Cir.1987). The issuance of the writ is within the Court's discretion. Densen, 603 F.2d at 1146.

Petitioner/Relator, incorporates herein by reference, the legal arguments set forth in his MOTION TO COMPLY WITH COURT OF APPEALS MODIFICATION OF JUDGMENT; MOTION TO COMPEL COURT TO RULE ON PENDING

MOTION TO COMPLY WITH COURT OF APPEALS MODIFICATION OF JUDGMENT; PETITIONER'S SECOND MOTION TO COMPEL COURT TO RULE ON PENDING MOTION TO COMPLY WITH COURT OF APPEALS MODIFICATION OF JUDGMENT; as if fully printed herein to support the issuance of a Writ of Mandamus.

WHEREFORE, based on the above, Troy Eugene Huffmaster, urges this Honorable Court to issue a writ of mandamus directing the 214th Judicial District Court of Nueces County, Texas, to issue a ruling either granting or denying his Motion To Comply With Court of Appeals Modification Of Judgment.

Respectfully submitted on this 8th day of March , 2015.

_Troy Huffmaster_
**Troy Eugene Huffmaster**

## INMATE DECLARATION

I, Troy Eugene Huffmaster, TDCJ-CID# 1537487, being presently incarcerated in the Texas Department of Criminal Justice, declare under the penalty of perjury that the facts and allegations in the Petition for Writ of Mandamus are true and correct.

_Troy Huffmaster_
Troy Eugene Huffmaster
Petitioner/relator

## ATTACHED EXHIBITS

#1. ORIGINAL MOTION TO COMPLY WITH COURT OF APPEALS MODIFICATION OF JUDGMENT.

#2. MOTION TO COMPEL.

#3. PETITIONER'S SECOND MOTION TO COMPEL.

TROY HUFFMASTER
TDCJ-CID# 1537487
WILLIAM CLEMENTS UNIT
9601 SPUR 591
AMARILLO, TEXAS
79107


PATSY PEREZ, HONORABLE CLERK
DISTRICT COURT/COUNTY COURTS OF LAW
P.O. BOX 2987
901 LEOPARD STREET
CORPUS CHRISTI, TEXAS
                78403

RE: FILING OF "MOTION TO COMPLY WITH COURT OF APPEALS MODIFICATION
    OF JUDGMENT" CAUSE NO. 08-CR-2271-F


Dear Honorable Clerk:

    Please find enclosed for presentation to the Honorable Judge

Jose Longoria my, "MOTION TO COMPLY WITH COURT OF APPEALS MODIFI-

CATION OF JUDGMENT."

    There are no copy services available in TDCJ-CID so I am unable

to serve a copy of this Motion to the Nueces County District Attor-

ney's Office if required. Would you please make any needed copies.

    I thank you in advance for your time and attention in this very

important matter.


Sincerely yours,

Troy Huffmaster
Pro Se representation

Cause No. 08-CR-2271-F

| | | |
|---|---|---|
| EX PARTE | § | IN THE DISTRICT COURT |
| | § | |
| TROY HUFFMASTER | § | 214TH JUDICIAL DISTRICT |
| | § | |
| TDCJ-CID# 1537487 | § | NUECES COUNTY, TEXAS |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## MOTION TO COMPLY WITH

## COURT OF APPEALS MODIFICATION OF JUDGMENT

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

TO THE HONORABLE JUDGE JOSE LONGORIA:

COMES NOW, Troy Huffmaster, Petitioner, pro se, and respectfully moves this Court to comply with the Court of Appeals Modification of Judgment. The Petitioner will show this Honorable Court as follows:

1. On May 28, 2009, the Court of Appeals modified Petitioner's Judgment by stating the following:

"The written judgment recites that the underlying offense, escape, is a second-degree felony. However, Huffmaster was indicted for third-degree felony escape, and the jury found him guilty of that offense. The State points out the judgment should be reformed to show the conviction was a conviction for third-degree felony escape from a secure correctional facility. We agree and therefore modify the judgment to show Huffmaster was convicted of third-degree felony escape from a secure correctional facility." (See Court of Appeals Memorandum Opinion at 19 attached as EXHIBIT A).

2. On approximately **November 1, 2013**, Petitioner filed an application for a writ of habeas corpus with this Court.

3. On approximately **December 3, 2013**, Petitioner received a copy of the State's Answer. Included within the State's Answer was a copy of this Court's Judgment which illustrates that the Court of Appeals modification was never complied with because the judgment states: Offense for which Defendant Convicted: **ESCAPE, BODILY INJURY.** Degree of Offense: **2ND DEGREE FELONY. (See Judgment attached as EXHIBIT B).**

## REQUESTED RELIEF

Petitioner's request is really very simple. The Court of Appeals modified this Petitioner's Judgment to reflect a third-degree felony escape, and, executed a Mandate to that effect. A "Mandate" is the official notice of the action of the appellate court, directing this Court, advising it of the action of the appellate court and directing it to have its judgment duly recognized, obeyed, and executed. See e.g., Saudi v Brieven, 176 S.W.3d 108 (Tex.App.-Houston [1st Dist] 2004).

Therefore, when Petitioner received a copy of the Judgment in this case during the habeas corpus proceedings, that Judgment should have reflected the Court of Appeals modification that Petitioner was convicted of a third-degree felony escape. Instead, Petitioner has been unduly prejudiced in the eyes of the Amarillo Parole Board and also the William Clement's Unit classification department, because they are all under the **"incorrect"** belief that Petitioner was convicted of second-degree felony escape causing bodily injury, and their files reflect the same.

This is easily demonstrated by the JUDGMENT OF CONVICTION BY JURY attached as EXHIBIT "B." This Judgment **"should"** state: Offense for which Defendant convicted: **THIRD-DEGREE ESCAPE** instead of what EXHIBIT "B" states; **ESCAPE, BODILY INJURY.** Under Degree of Offense it should state: **THIRD-DEGREE FELONY** instead of: **2ND DEGREE FELONY.**

Therefore, this Honorable Court has a ministerial duty to comply with the Court of Appeals Mandate ordering a modification of Petitioner's Judgment to reflect that Petitioner was convicted of a third-degree felony escape and not a second-degree felony escape causing bodily injury.

Therefore, Petitioner requests this Honorable Court to send reformed copies of the JUDGMENT OF CONVICTION BY JURY to the Texas Department of Criminal Justice- Correctional Institutional Divisions and the Amarillo Parole Board reflecting that Petitioner was convicted of third-degree felony escape and not second-degree felony escape causing bodily injury.

**WHEREFORE, PREMISES CONSIDERED,** Petitioner prays that this Honorable Court will take immediate action and reform the Judgment of Conviction to reflect that Petitioner was convicted of a third-degree felony escape rather than second-degree felony escape causing bodily injury and immediately send copies of the reformed Judgment to TDCJ-CID and the Amarillo Parole Board.

**Respectfully submitted,**

Troy Huffmaster

Troy Huffmaster
Pro Se Representation

Cause No. 08-CR-2271-F

| | | |
|---|---|---|
| EX PARTE | § | IN THE DISTRICT COURT |
| TROY HUFFMASTER | § | 214TH JUDICIAL DISTRICT |
| TDCJ-CID# 1537487 | § | NUECES COUNTY, TEXAS |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

ORDER

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

On this day was heard the foregoing, "MOTION TO COMPLY WITH COURT OF APPEALS MODIFICATION OF JUDGMENT,"and the same is hereby:

GRANTED/DENIED

The Court hereby orders the district clerk to send a copy of the reformed JUDGMENT OF CONVICTION BY JURY to the following:

Texas Department of Criminal Justice-
Correctional Institutions Division
P.O. Box 99
Huntsville, Texas 77342

Texas Board of Pardons & Paroles
8610 Shoal Creek Blvd.
Austin, Texas 78757

Troy Eugene Huffmaster
TDCJ-CID# 1537487
William Clements Unit
9601 Spur 591
Amarillo, Texas 79107

William P. Clements Unit
Classification Department
9601 Spur 591
Amarillo, Texas 79107

IT IS SO ORDERED

SIGNED ON _____, 2014.

Honorable Jose Longoria
Judge Presiding



EXHIBIT A



STATE'S
EXHIBIT
C

## MANDATE

TO THE 214th District Court OF Nueces COUNTY, GREETINGS:

Before our Court of Appeals for the Thirteenth District of Texas, on the 28th day of May, 2009, the cause upon appeal to revise or reverse your judgment between

TROY HUFFMASTER,                                                     Appellant,

v.

THE STATE OF TEXAS,                                                  Appellee.

CAUSE NO. 13-08-00599-CR                          (Tr.Ct.No. 08-CR-2271-F)

was determined; and therein our said Court made its order in these words:
MINUTES
Vol. 20/page 188

On appeal from the 214th District Court of Nueces County, Texas, from a judgment signed October 14, 2008. Memorandum Opinion by Justice Rose Vela. Do not publish. TEX. R. APP. P. 47.2(b).

THIS CAUSE was submitted to the Court on May 27, 2009, on the record and briefs. These having been examined and fully considered, it is the opinion of the Court that there was some error in the judgment of the court below, and said judgment is hereby MODIFIED AND, AS MODIFIED, AFFIRMED against appellant, TROY HUFFMASTER.

It is further ordered that this decision be certified below for observance.

\* \* \* \* \* \* \*

WHEREFORE, WE COMMAND YOU to observe the order of our said Court of Appeals for the Thirteenth District of Texas, in this behalf, and in all things have it duly recognized, obeyed and executed.

WITNESS, the Hon. Rogelio Valdez, Chief Justice of our Court of Appeals, with the seal thereof affixed, at the City of Corpus Christi/Edinburg, Texas, this the 14th day of August, 2009.

By: _____
DORIAN E. RAMIREZ, CLERK

> To preserve error in admitting evidence, a party must make a proper objection and get a ruling on that objection. In addition, a party must object each time the inadmissible evidence is offered or obtain a running objection. An error in the admission of evidence is cured where the same evidence comes in elsewhere without objection.

*Valle v. State*, 109 S.W.3d 500, 509 (Tex. Crim. App. 2003) (footnotes omitted); *see Leday v. State*, 983 S.W.2d 713, 718 (Tex. Crim. App. 1998) (explaining that "[o]ur rule . . . is that overruling an objection to evidence will not result in reversal when other such evidence was received without objection, either before or after the complained-of ruling,"); *Willis v. State*, 785 S.W.2d 378, 383 (Tex. Crim. App. 1989) (noting that admission of inadmissible evidence is rendered harmless if the same or similar evidence is introduced without objection elsewhere during trial).

Here, defense counsel did not obtain a running objection. Therefore, error, if any, in the prosecutor's opening argument was cured because the same or similar evidence came in elsewhere without objection. *See Willis*, 785 S.W.2d at 383. Issue three is overruled.

## III. Modification of Judgment

An appellate court has the power to correct a trial court's written judgment if the appellate court has the necessary information to do so. *Cobb v. State*, 95 S.W.3d 664, 668 (Tex. App.–Houston [1st Dist.] 2002, no pet.). This power does not depend upon a party's calling the error to the court's attention or raising the issue on appeal. *See French v. State*, 830 S.W.2d 607, 609 (Tex. Crim. App. 1992) (adopting reasoning of *Asberry v. State*, 813 S.W.2d 526, 531 (Tex. App.–Dallas 1991, pet. ref'd) (concluding that authority to reform incorrect judgment "is not dependent upon a request by either party")).

The written judgment recites that the underlying offense, escape, is a second-degree felony. However, Huffmaster was indicted for third-degree felony escape, and the jury found him guilty of that offense. The State points out the judgment should be reformed to show the conviction was a conviction for third-degree felony escape from a secure correctional facility. We agree and therefore modify the judgment to show Huffmaster was convicted of third-degree felony escape from a secure correctional facility.

## IV. Conclusion

The judgment of the trial court is modified and, as modified, we affirm the judgment.


ROSE VELA
Justice


Do not publish.
Tex. R. App. P. 47.2(b).

Memorandum Opinion delivered and
filed this 28th day of May, 2009.



CASE NO. 08 CR 2271 F
INCIDENT NO./TRN: 908955081X

| THE STATE OF TEXAS | § | IN THE 214TH DISTRICT |
| | § | |
| V. | § | COURT |
| | § | |
| TROY HUFFMASTER | § | NUECES COUNTY, TEXAS |
| | § | |
| STATE ID NO.: TX03378211 | § | |

## JUDGMENT OF CONVICTION BY JURY

| Judge Presiding: HON. JOSE LONGORIA | Date Judgment Entered: 10/7/2008 |
| Attorney for State: ANGELICA HERNANDEZ | Attorney for Defendant: ROBERT FLYNN |

Offense for which Defendant Convicted:
**ESCAPE, BODILY INJURY**

| Charging Instrument: | Statute for Offense: |
| INDICTMENT | 38.06 Penal Code |

Date of Offense:
5/7/2008

| Degree of Offense: | Plea to Offense: |
| 2ND DEGREE FELONY | NOT GUILTY |
| Verdict of Jury: | Findings on Deadly Weapon: |
| GUILTY | N/A |

| Plea to 1st Enhancement Paragraph: | TRUE | Plea to 2nd Enhancement/Habitual Paragraph: | TRUE |
| Findings on 1st Enhancement Paragraph: | TRUE | Findings on 2nd Enhancement/Habitual Paragraph: | TRUE |

| Punished-Assessed by: | Date Sentence Imposed: | Date Sentence to Commence: |
| JURY | 10/7/2008 | 10/7/2008 |

| Punishment and Place of Confinement: | TWENTY-FIVE (25) YEARS INSTITUTIONAL DIVISION, TDCJ |

THIS SENTENCE SHALL RUN CONCURRENTLY.

☐ SENTENCE OF CONFINEMENT SUSPENDED, DEFENDANT PLACED ON COMMUNITY SUPERVISION FOR N/A.

| Fine: | Court Costs: | Restitution: | Restitution Payable to: |
| $ – 0 – | $260.00 | $ – 0 – | ☐ VICTIM (see below) ☐ AGENCY/AGENT (see below) |

Sex Offender Registration Requirements do not apply to the Defendant. TEX. CODE CRIM. PROC. chapter 62.

The age of the victim at the time of the offense was N/A.

If Defendant is to serve sentence in TDCJ, enter incarceration periods in chronological order.

Time Credited:
94 Days

From 7/6/08 to 10/7/68 From to From to
From 4/08 to From to From to

94 Days Jail Credit

If Defendant is to serve sentence in county jail or is given credit toward fine and costs, enter days credited below.

_____ DAYS NOTES:

All pertinent information, names and assessments indicated above are incorporated into the language of the judgment below by reference.

This cause was called for trial in Nueces County, Texas. The State appeared by her District Attorney. Counsel / Waiver of Counsel (select one)

☒ Defendant appeared in person with Counsel.

☐ Defendant knowingly, intelligently, and voluntarily waived the right to representation by counsel in writing in open court.

It appeared to the Court that Defendant was mentally competent and had pleaded as shown above to the charging instrument. Both parties announced ready for trial. A jury was selected, impaneled, and sworn. The INDICTMENT was read to the jury, and Defendant entered a plea to the charged offense. The Court received the plea and entered it of record.

TROY HUFFMASTER
TDCJ-CID# 1537487
WILLIAM CLEMENTS UNIT
9601 SPUR 591
AMARILLO, TEXAS
79107


PASTY PEREZ, CLERK
DISTRICT COURT/COUNTY COURTS OF LAW
P.O. BOX 2987
901 LEOPARD STREET
CORPUS CHRISTI, TEXAS
                    78403


RE: MOTION TO COMPEL; CAUSE NO. 08-CR-2271-F


Dear Honorable Clerk:

    Please find enclosed for presentation to the Honorable Judge

of the 214th Judicial District Jose Longoria, my "MOTION TO COMPEL

COURT TO RULE ON PENDING MOTION TO COMPLY WITH COURT OF APPEALS

MODIFICATION OF JUDGMENT."

    There are no copy services available in TDCJ-CID so I am unable

to serve a copy of this Motion to the Nueces County District Attor-

ney's Office if required. Would you please make any needed copies.

    I thank you in advance for your time and attention in this very

important matter.



Sincerely yours,

*Troy Huffmaster*
12/23/14
Troy Huffmaster

Pro Se Representation

Cause No. 08-CR-2271-F

| | | |
|---|---|---|
| EX PARTE | § | IN THE DISTRICT COURT |
| TROY HUFFMASTER | § | 214TH JUDICIAL DISTRICT |
| TDCJ-CID# 1537487 | § | NUECES COUNTY, TEXAS |

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

**MOTION TO COMPEL COURT TO RULE ON PENDING MOTION TO COMPLY**

**WITH COURT OF APPEALS MODIFICATION OF JUDGMENT**

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

**TO THE HONORABLE JUDGE JOSE LONGORIA:**

COMES NOW, Troy Huffmaster, Petitioner, pro se, and respect-fully motions this Court for a ruling on Petitioner's pending motion titled: "MOTION TO COMPLY WITH COURT OF APPEALS MODIFICATION OF JUDGMENT." The Petitioner will show this Honorable Court as follows:

1. On approximately October 2nd, 2014, Petitioner presented to this Court: "MOTION TO COMPLY WITH COURT OF APPEALS MODIFICATION OF JUDGMENT."

2. Consideration of a motion properly filed and before a trial court is ministerial. See White v Roper, 640 S.W.2d 586, 594, 596 (Tex. Crim. App. 1982).

3. Fundamental requirements of due process mandate an oppor-tunity to be heard. See Creel v District Attorney for Medina County, 818 S.W.2d 45, 46 (Tex. Crim. App. 1991).

4. Thus, a district court may be compelled via mandamus to

consider and rule on a pending motion presented to the Court. See State ex rel. Curry v Gray, 726 S.W.2d 125, 128 (Tex. Crim. App. 1987).

5. Petitioner, Troy Huffmaster, continues to be prejudiced in the eyes of the Texas Department of Criminal Justice Classification Department as well as the Board of Pardons & Paroles for the reasons set forth in the original Motion to Comply with Court of Appeals Modification of Judgment.

6. For the reasons set forth in the original Motion to Comply, as well as the above stated, Petitioner requests this Honorable Court take immediate action and comply with the Court of Appeals Mandate and reform the Judgment as ordered.

WHEREFORE, PREMISES CONSIDERED, Petitioner prays that this Court will take immediate action and reform the Judgment of Conviction to reflect that Petitioner was convicted of a third-degree felony escape rather than a second-degree felony escape causing bodily injury and immediately send copies of the reformed Judgment to the authorities listed on the Motion to Comply.

Respectfully submitted

Troy Huffmaster

12/23/14

Troy Huffmaster
Pro Se representation

TROY HUFFMASTER
TDCJ-CID# 1537487
WILLIAM CLEMENTS UNIT
9601 SPUR 591
AMARILLO, TEXAS 79107


PATSY PEREZ, CLERK
DISTRICT COURT/COUNTY COURTS OF LAW
P.O. BOX 2987
901 LEOPARD STREET
CORPUS CHRISTI, TEXAS
                        78403

RE: PETITIONER'S SECOND MOTION TO COMPEL: CAUSE NO. 08-CR-2271-F

Dear Honorable Clerk:

    Please find enclosed for presentation to the Honorable Judge of the 214th Judicial District Jose Longoria, my "PETITIONER'S SECOND MOTION TO COMPEL COURT TO RULE ON PENDING MOTION TO COMPLY WITH COURT OF APPEALS MODIFICATION OF JUDGMENT."

    There are no copy services available in TDCJ-CID so I am unable to serve a copy of this Motion to the Nueces County District Attorney's Office if required. Would you please make any needed copies.

    I thank you in advance for your time and attention in this very important matter.


Sincerely yours,

Troy Huffmaster

Troy Huffmaster

Pro Se Representation

Signed on  1-28-15                    , 2015.

Cause No. 08-CR-2271-F

EX PARTE                              §        IN THE DISTRICT COURT

TROY HUFFMASTER                       §        214TH JUDICIAL DISTRICT

TDCJ-CID# 1537487                     §        NUECES COUNTY, TEXAS

************************************************************************

PETITIONER'S SECOND MOTION TO COMPEL COURT TO RULE ON PENDING

MOTION TO COMPLY WITH COURT OF APPEALS MODIFICATION OF JUDGMENT

************************************************************************

TO THE HONORABLE JUDGE JOSE LONGORIA:

COMES NOW, Troy Huffmaster, Petitioner, pro se, and respect-
fully motions this Court for a ruling on Petitioner's pending motion
titled: "MOTION TO COMPLY WITH COURT OF APPEALS MODIFICATION OF
JUDGMENT." The Petitioner will show this Honorable Court as follows:

1. On approximately October 2nd, 2014, Petitioner presented
to this Court: "MOTION TO COMPLY WITH COURT OF APPEALS MODIFICATION
OF JUDGMENT."

2. On approximately December 23rd, 2014, Petitioner presented
to this Court: "MOTION TO COMPEL COURT TO RULE ON PENDING MOTION
TO COMPLY WITH COURT OF APPEALS MODIFICATION OF JUDGMENT."

3. Consideration of a motion properly filed and before a trial
court is ministerial. See White v Roper, 640 S.W.2d 586, 594, 596
(Tex.Crim.App.1982). Fundamental requirements of due process mandate
an opportunity to be heard. See Creel v District Attorney for Medina
County, 818 S.W.2d 45, 46 (Tex.Crim.App.1991).

4. Petitioner, Troy Huffmaster, continues to be prejudiced in the eyes of the Texas Department of Criminal Justice Classification Department as well as the Board of Pardons & Paroles for the reasons set forth in the original Motion to Comply with Court of Appeals Modification of Judgment.

5. The request for modification of judgment was made to the Court of Appeals by the State and, the Court of Appeals issued a mandate directing this Court to comply with that mandate. As shown by this Petitioner by way of exhibit in his Motion to Comply with the Court of Appeals Modification of Judgment, this Court's Judgment of Conviction by Jury was never changed to reflect that Petitioner's conviction should be that of a third-degree felony escape rather than a second-degree felony escape.

6. For the reasons set forth in the original Motion to Comply, as well as the above stated, Petitioner requests this Honorable Court take immediate action and comply with the Court of Appeals Mandate and reform the Judgment as ordered.

7. Failure to comply with this second request to compel this Court to Comply with the Court of Appeals Modification of Judgment within 21 days of the date below will result in Petitioner filing a Writ of Mandamus with the Texas Court of Criminal Appeals.

WHEREFORE, PREMISES CONSIDERED, Petitioner prays that this Court will take immediate action and reform the Judgment of Conviction to reflect that Petitioner was convicted of third-degree felony escape rather than a second-degree felony escape causing bodily injury and immediately send copies of the reformed Judgment to the authorities listed on the Motion to Comply.

Respectfully submitted,

Troy Huffmaster

Troy Huffmaster, Pro Se

Signed on 1-28-15 , 2015.