

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

_____

No. 07-24-00326-CV
_____

IN RE EDRICK DUNN, RELATOR

ORIGINAL PROCEEDING

October 29, 2024

MEMORANDUM OPINION

Before QUINN, C.J., and PARKER and YARBROUGH, JJ.

By this original proceeding, Relator, Edrick Dunn, an inmate proceeding pro se and *in forma pauperis*, seeks a writ of mandamus to compel the Honorable Les Hatch, Presiding Judge of the 237th District Court of Lubbock County, to enter judgment in his pending suit against certain defendants. For the reasons expressed herein, we deny Relator's request.

**BACKGROUND**

According to the exhibits accompanying Relator's petition, on June 4, 2024, Relator filed an amended petition against the Honorable Jim Bob Darnell, Barbara Sucsy, and Sara L. Smith alleging "three state employees conspired" to violate his due process

rights while processing and adjudicating his applications for writs of habeas corpus in 2017 and again in 2022. His suit alleges civil conspiracy, disobedience of writ of habeas corpus, abuse of process, denial of due process, denial of equal protection, denial of access to courts, illegal restraint, obstruction of justice, breach of fiduciary duty, and breach of settlement agreement implied in law. He also seeks declaratory and injunctive relief.

Pursuant to Rule 99 of the Texas Rules of Civil Procedure, Relator requested the Lubbock County District Clerk to issue and deliver citations to the defendants advising them to file a written answer "on or before 10:00 a.m. on the Monday next after the expiration of twenty days after the date of service thereof." TEX. R. CIV. P. 99(a), (b). According to Relator's documents, the defendants failed to answer his suit.

He then filed a motion for default or summary judgment on August 5, 2024.[1] A copy of that motion is not provided. Relator filed subsequent motions for default judgment on September 30, 2024, and October 14, 2024. Copies of those motions are included with his petition.

## STANDARD OF REVIEW

Mandamus is an extraordinary remedy granted only when a relator can show (1) the trial court abused its discretion and (2) no adequate appellate remedy exists. *In re N. Cypress Med. Ctr. Operating Co.*, 559 S.W.3d 128, 130 (Tex. 2018) (orig. proceeding); *In re H.E.B. Grocery Co., L.P.*, 492 S.W.3d 300, 302 (Tex. 2016) (orig. proceeding) (per

---

[1] Relator included a copy of the trial court's Civil Case Summary showing a motion for summary judgment was filed by the district clerk on August 13, 2024.

2

curiam). When seeking mandamus relief, a relator bears the burden of proving these two requirements. *Walker v. Packer*, 827 S.W.2d 833, 840 (Tex. 1992) (orig. proceeding).

To establish an abuse of discretion, a relator must demonstrate the trial court acted unreasonably, arbitrarily, or without reference to any guiding rules or principles. *See Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241–42 (Tex. 1985). To establish no adequate remedy by appeal, a relator must show there is no adequate remedy at law to address the alleged harm and the act requested is a ministerial act, not involving a discretionary or judicial decision. *State ex rel. Young v. Sixth Judicial Dist. Court of Appeals*, 236 S.W.3d 207, 210 (Tex. Crim. App. 2007) (orig. proceeding). Furthermore, to establish a ministerial act, a relator must also show (1) a legal duty to perform, (2) a demand for performance, and (3) a refusal to act. *Stoner v. Massey*, 586 S.W.2d 843, 846 (Tex. 1979).

## ANALYSIS

When a motion is properly pending in the trial court, the act of considering and ruling on the motion is a ministerial act. *Eli Lilly and Co. v. Marshall*, 829 S.W.2d 157, 158 (Tex. 1992). The trial court has a reasonable time within which to perform its ministerial duty to rule on a properly pending motion. *Creel v. Dist. Atty. For Medina County*, 818 S.W.2d 45, 46 (Tex. 1991); *Safety-Kleen Corp. v. Garcia*, 945 S.W.2d 268, 269 (Tex. App.—San Antonio 1997, orig. proceeding). Whether a reasonable period of time has passed depends on the circumstances of each case. *Ex parte Bates*, 65 S.W.3d 133, 135 (Tex. App.—Amarillo 2001, orig. proceeding). No bright line demarcates the boundaries of a reasonable time period. *Id.* Factors to consider on what constitutes a

3

reasonable time period include the trial court's actual knowledge of the motion, its overt refusal to act, the state of the court's docket, and the existence of other judicial and administrative matters which must be addressed first. *Id.*

Relator's pending motions are recent filings. He has not established the trial court's refusal to act on them. We cannot say the short delay in ruling on them constitutes and unreasonable delay or an abuse of discretion. *See In re Jones*, No. 07-11-00499-CV, 2012 Tex. App. LEXIS 229, at *6 (Tex. App.—Amarillo 2012, orig. proceeding) (finding less than three months without a ruling since the filing of a motion was not an unreasonable delay). There is also nothing in the record to show the motions were presented to the trial court. A clerk's knowledge of a filing is not imputed to the trial court. *In re Chavez*, 62 S.W.3d 225, 228 (Tex. App.—Amarillo 2001, orig. proceeding). Relator has not brought forth a sufficient record on other factors we must consider in determining whether the trial court abused its discretion. *Walker v. Packer*, 827 S.W.2d 833, 837 (Tex. 1992). Most importantly, this Court may not direct a trial court on how to rule on a motion much less order it to enter judgment in Relator's favor. *In re Watson*, No. 07-11-00157-CV, 2011 Tex. App. LEXIS 6493, at *4 (Tex. App.—Amarillo Aug. 15, 2011, orig. proceeding). Relator has not established he is entitled to mandamus relief.

## CONCLUSION

Relator's petition for writ of mandamus is denied.

Alex Yarbrough
Justice

4