

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

———————————

No. 07-25-00250-CV

———————————

IN RE PHYLLIS MCRAE, RELATOR

———————————

ORIGINAL PROCEEDING

———————————

August 27, 2025

## MEMORANDUM OPINION

Before QUINN, C.J., and DOSS and YARBROUGH, JJ.

By this original proceeding, Relator, Phyllis McRae, proceeding pro se, seeks a writ of mandamus to compel the Honorable Ana Estevez, Judge of the 251st District Court, to enter an order of recusal, overturn the denial of a temporary injunction, and vacate a ruling following proceedings held on July 28, 2025.

**BACKGROUND**

Relator and her neighbor, Jim Brown, have a pending lawsuit over an easement and a "party wall" between their properties. According to the limited mandamus record, she filed for an emergency temporary injunction on June 9, 2025, which the trial court denied on July 28, 2025. Relator asserts the trial court will not issue a final appealable

order until Relator drafts an order including "Brown's verbal surprise demands into an order of dismissal." She requests this Court direct the trial court to issue a final order, overturn the denial of the temporary injunction, and vacate its ruling. We deny the requested relief.

## STANDARD OF REVIEW

Mandamus is an extraordinary remedy granted only when a relator can show (1) the trial court abused its discretion and (2) no adequate appellate remedy exists. *In re N. Cypress Med. Ctr. Operating Co.*, 559 S.W.3d 128, 130 (Tex. 2018) (orig. proceeding); *In re H.E.B. Grocery Co., L.P.*, 492 S.W.3d 300, 302 (Tex. 2016) (orig. proceeding) (per curiam). When seeking mandamus relief, a relator bears the burden of proving these two requirements. *Walker v. Packer*, 827 S.W.2d 833, 840 (Tex. 1992) (orig. proceeding).

To establish an abuse of discretion, a relator must demonstrate the trial court acted unreasonably, arbitrarily, or without reference to any guiding rules or principles. *See Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241–42 (Tex. 1985). To establish no adequate remedy by appeal, a relator must show there is no adequate remedy at law to address the alleged harm and the act requested is a ministerial act, not involving a discretionary or judicial decision. *State ex rel. Young v. Sixth Judicial Dist. Court of Appeals*, 236 S.W.3d 207, 210 (Tex. Crim. App. 2007) (orig. proceeding). Furthermore, to establish a ministerial act, a relator must also show (1) a legal duty to perform, (2) a demand for performance, and (3) a refusal to act. *Stoner v. Massey*, 586 S.W.2d 843, 846 (Tex. 1979).

2

When a motion is properly pending in the trial court, the act of considering and ruling on the motion is a ministerial act. *Eli Lilly and Co. v. Marshall*, 829 S.W.2d 157, 158 (Tex. 1992). The trial court has a reasonable time within which to perform its ministerial duty to rule on a properly pending motion. *Creel v. Dist. Atty. For Medina County*, 818 S.W.2d 45, 46 (Tex. 1991); *Safety-Kleen Corp. v. Garcia*, 945 S.W.2d 268, 269 (Tex. App.—San Antonio 1997, orig. proceeding). Factors to consider on what constitutes a reasonable time period include the trial court's actual knowledge of the motion, its overt refusal to act, the state of the court's docket, and the existence of other judicial and administrative matters which must be addressed first. *Ex parte Bates*, 65 S.W.3d 133, 135 (Tex. App.—Amarillo 2001, orig. proceeding).

Relator asserts the trial court has violated a ministerial duty to enter an order and she has no adequate remedy at law.[1] Relator's lawsuit was recently filed. The matters complained of were also just filed a month ago. A very short delay in obtaining a ruling does not constitute an unreasonable delay or an abuse of discretion. *In re Dunn*, 2024 Tex. App. LEXIS 7695, at *3–4 (Tex. App.—Amarillo Oct. 2024, orig. proceeding). Additionally, this Court may not direct a trial court on how to rule on a pending matter much less order it to enter a favorable judgment. *In re Watson*, No. 07-11-00157-CV,

---

[1] Relator also complains of the denial of a motion to recuse ruled on by the Honorable David L. Gleason, but there is no mandamus proceeding pending against him. She also asserts she has been denied due process in either denial of certain motions or a failure to rule: motion to clarify filed on July 29, 2025, a motion for redetermination filed on July 29, 2025, a motion for recusal filed on July 30, 2025, and a motion for default filed on July 28, 2025. She has not, however, provided certified or sworn copies of the motions. TEX. R. APP. P. 52.3(k)(1)(B).

2011 Tex. App. LEXIS 6493, at *4 (Tex. App.—Amarillo Aug. 15, 2011, orig. proceeding).

Relator has not established she is entitled to mandamus relief.

## CONCLUSION

Relator's petition for writ of mandamus is denied.

Per Curiam