

COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

|                        |   |                      |
|------------------------|---|----------------------|
| IN RE                  | § | No. 08-25-00172-CV   |
|                        | § |                      |
| R. WAYNE JOHNSON,      | § | AN ORIGINAL PROCEEDING |
|                        | § |                      |
| Relator.               | § | IN MANDAMUS          |
|                        | § |                      |

## **M E M O R A N D U M   O P I N I O N**

On June 14, 2001, the 156th Judicial District Court of Bee County, Texas issued an order declaring Relator, R. Wayne Johnson, a vexatious litigant and prohibiting him from filing "any more litigation in Texas courts without permission of a local administrative judge."[1] Tex. Civ. Prac. & Rem. Code Ann. § 11.101. Despite that order, Johnson, proceeding pro se, has filed a petition for writ of mandamus in this Court. Because Johnson has not obtained permission to file this original proceeding, we dismiss the petition. Tex. Civ. Prac. & Rem. Code Ann. §§ 11.101, 11.1035.

Johnson's petition and other filings in this proceeding are difficult to follow, but Johnson appears to contend that, in 2007, the 171st Judicial District Court in El Paso, Texas wrongly dismissed his civil rights lawsuit against various prison officials. According to Johnson, the

---

[1] OFFICE OF COURT ADMINISTRATION, *List of Vexatious Litigants Subject to a Prefiling Order*, R. Wayne Johnson, https://www.txcourts.gov/All_Archived_Documents/JudicialInformation/oca/pdf/vex/RWayneJohnson-akaLegalEagle.pdf (last visited August 8, 2025).

dismissal was improper because it relied on his alleged failure to obtain permission from a local administrative judge, as required by the vexatious litigant order entered in Bee County. He argues that the dismissal order is void, and that our subsequent opinion affirming the dismissal was issued without jurisdiction, because an El Paso County District Court, and this Court of Appeals, cannot enforce a Bee County Order. *See Johnson v. Sloan*, 320 S.W.3d 388 (Tex. App.—El Paso 2010, pet. denied).

Section 11.101(e) of the Civil Practice and Remedies Code provides that a prefiling order entered by a district or a statutory county court "applies to each court in this state." Tex. Civ. Prac. & Rem. Code Ann. §11.101(e). Section 11.103 prohibits a clerk of a court from filing litigation presented by a vexatious litigant subject to a prefiling order. Tex. Civ. Prac. & Rem. Code Ann. §11.103(a). But if a clerk mistakenly files the pleadings, the court "shall dismiss the litigation unless the [vexatious litigant] not later than the 10th day after the date the notice is filed, obtains an order from the appropriate local administrative judge described by Section 11.102(a) permitting the filing of the litigation." Tex. Civ. Prac. & Rem. Code Ann. §11.1035(b).

On June 30, 2025, we notified Johnson that his petition was filed, and on July 1, 2025, we notified him that this proceeding would be dismissed unless, within ten days, he obtained an order from the appropriate local administrative judge granting permission to proceed. Johnson submitted two responses. First, he returned a copy of our June 30, 2025 notice, annotated with his own handwritten comments. Second, he filed a document titled "Affidavit in Support of Mandamus." Neither of these responses provides this Court with an order from the appropriate local administrative judge granting Johnson permission to proceed with this original proceeding. Accordingly, we dismiss the petition. Tex. Civ. Prac. & Rem. Code Ann. §11.1035(b).

2

GINA M. PALAFOX, Justice

August 12, 2025

Before Salas Mendoza, C.J., Palafox and Soto, JJ.